NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3096

KEVIN B. SCHAB,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: July 11, 2005

_____

Before MAYER, LOURIE, and LINN, Circuit Judges.

PER CURIAM.

Kevin B. Schab seeks review of the final decision of the Merit Systems Protection Board sustaining his removal by the Department of Veterans Affairs ("VA").  Schab v. Dep't of Veterans Affairs, No. CH-0752-04-0668-I-1 (M.S.P.B. Oct. 13, 2004).  We affirm.

DISCUSSION

Schab was removed from his position as a Medical Supply Technician at the VA based on a charge of failure to maintain a regular work schedule.  The supporting specification alleges that during a one-year period, Schab had sixty-six unscheduled

absences totaling more than five hundred hours. Schab appealed his removal to the Board.

An Administrative Judge ("AJ") sustained the penalty of removal, based on ten documented instances, totaling 74.75 hours, in which Schab had been absent without leave ("AWOL"). Schab argued that his absences were caused by his illnesses, but the AJ found that he had failed to provide supporting medical documentation. While considering Schab's medical condition to be a mitigating factor, the AJ nevertheless concluded that it was within the agency's discretion to impose the penalty of removal, given the "inherent relationship between a charge of AWOL and the efficiency of the service." Id., slip op. at 4. Because Schab did not seek review of the AJ's initial decision by the full Board, that decision became final. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

We will affirm the Board's decision unless it was: (1) arbitrary, capricious, or an abuse of discretion; (2) procedurally deficient; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). We discern none of these grounds for reversal.

On appeal, Schab argues that he did provide adequate medical documentation supporting his absences, and that the AJ failed to fully consider other mitigating circumstances. Schab's arguments amount to an invitation for us to re-weigh the evidence, which, as an appellate tribunal, we cannot do. See Bieber v. Dep't of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002). The Board had substantial evidence for its decision and its procedures were not deficient. Moreover, our review of the penalty imposed by the agency is highly deferential. See id. at 1365. Accordingly, we must affirm.