Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3319


ALAN F. DOYLE,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.


Alan F. Doyle, of Mesa, Arizona, pro se.

Joseph E. Ashman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholz, Assistant Attorney General; Jeanne E. Davidson, Director; and Martin F. Hockey, Assistant Director.

Appealed from:   Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3319

ALAN F. DOYLE,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in AT1221070321-W-1.

_____

DECIDED:  April 11, 2008

_____

Before MICHEL, <u>Chief Judge</u>, PROST, <u>Circuit Judge</u>, and POGUE, <u>Judge</u>.[*]

PER CURIAM.

Dr. Alan Doyle appeals the final decision of the Merit System Protection Board ("Board") denying his petition for review of the initial decision of the administrative judge dismissing his individual right of action ("IRA") appeal for lack of jurisdiction.  <u>Doyle v. Dep't of Veterans Affairs</u>, No. AT1221070321-W-1 (M.S.P.B. Aug. 17, 2007).  We <u>affirm</u>.

_____

[*]        Honorable Donald Pogue, Judge, United States Court of International Trade, sitting by designation.

BACKGROUND

Dr. Doyle was employed as the Chief Physician of the Rehabilitation Department at the West Palm Beach, Florida, Veterans Administration Medical Center ("VAMC") from October 7, 2001, to January 22, 2003. His duties as Chief Physician included completing annual proficiency reports for employees of the Pain Clinic.

In 2002, Dr. Doyle completed a proficiency report for Dr. Cari Bravo, the section manager for the Pain Clinic. Thereafter, Dr. Thomas Parrino, the VAMC's Chief of Staff, recommended that Dr. Doyle change the contents of Dr. Bravo's proficiency report. Dr. Doyle consulted the human resources department and was advised to not change Dr. Bravo's proficiency report. Dr. Parrino continued to recommend that Dr. Doyle modify the proficiency report, suggesting that the use of model narratives may be helpful. Dr. Doyle refused.

On November 25, 2002, Dr. Doyle filed a complaint with the Office of Special Counsel ("OSC") claiming that Dr. Parrino abused his authority by advising him to modify Dr. Bravo's proficiency report. On December 12, 2002, the OSC informed Dr. Doyle that it would not seek corrective action against Dr. Parrino, explaining that it could not conclude that a prohibited personnel practice occurred or that a personnel action was taken against Dr. Doyle.

On January 22, 2003, Dr. Doyle submitted a letter resigning from his position at the VAMC, listing several reasons for his resignation. While the proficiency report incident was not one of the reasons listed in his resignation letter, it was mentioned as an additional reason in an addendum sent the same day.

In January 2007, Dr. Doyle filed an IRA appeal with the Board claiming that he made a protected disclosure of information that resulted in an abuse of authority by a federal official. On August 17, 2007, the Board adopted the initial decision of the administrative judge, which found that the Board lacked jurisdiction over Dr. Doyle's appeal because he failed to make non-frivolous allegations that he: (1) made a disclosure protected under the Whistleblower Protection Act ("WPA"); and (2) suffered a personnel action taken by the agency in relation to said disclosure. This appeal followed.

## DISCUSSION

The scope of the Board's jurisdiction is a question of law, which we review de novo. Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995). "The board's jurisdiction is not plenary, but is limited to actions made appealable to it by law, rule, or regulation." Id. Dr. Doyle, as the appellant, has the burden of proving that the Board has jurisdiction by a preponderance of the evidence. 5 C.F.R. 1201.56(a)(2)(i). This court has previously explained that

> the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes "non-frivolous allegations" that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).

Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Dr. Doyle exhausted his administrative remedies before the OSC in the present case, so the jurisdictional question presented is whether he satisfied the nonfrivolous allegation requirement.

As the parties agree, Dr. Doyle resigned from his position at the VAMC. A resignation is not a personnel action within the meaning of 5 U.S.C. § 2302(a)(2) unless it is involuntary, and employee resignations are presumed to have been voluntary. Middleton v. Dep't of Defense, 185 F.3d 1374, 1379 (Fed. Cir. 1999). Dr. Doyle, as the former employee, has the burden to prove that the resignation was involuntary. See id. "The employee must present allegations of fact which, if proven, establish that a reasonable employee confronted with the same circumstance would feel coerced into resigning." Id. The test for determining whether a resignation was involuntary is objective; Dr. Doyle's subjective feelings are not relevant. Id.

In support of his IRA appeal, Dr. Doyle claims that one of the reasons for his resignation was dissatisfaction with the proficiency report incident. We note that, shortly after receiving the resignation letter, Dr. Parrino asked Dr. Doyle to stay on as Chief Physician, but Dr. Doyle declined. We have considered Dr. Doyle's arguments as to the circumstances surrounding his resignation, and we find that he failed to make allegations of fact that, if proven, could establish that his resignation was involuntary.[1]

Dr. Doyle also failed to make a nonfrivolous allegation that he engaged in whistleblowing activity by making a protected disclosure. Dr. Doyle claims that he disclosed an abuse of authority by reporting the proficiency report incident to the OSC. The Board has defined an "abuse of authority" as "an arbitrary or capricious exercise of

---

[1] Additionally, in his brief, Dr. Doyle states that he visited several medical centers in pursuit of employment after resigning from the VAMC. He claims that at least two of these centers contacted the VAMC, and he has been unable to secure employment. Construing his pro se pleadings liberally, Dr. Doyle seems to claim that the VAMC had some role in preventing him from obtaining subsequent employment. Dr. Doyle has not asserted any wrongful action by the agency, however, and he has not put forth a nonfrivolous allegation of an adverse personnel action.

power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons." Embree v. Dep't of the Treasury, 70 M.S.P.R. 79, 85 (1996).

As this court has previously noted, "[d]iscussion and even disagreement with supervisors over job-related activities is a normal part of most occupations." Willis v. Dep't of Agric., 141 F.3d 1139, 1143 (Fed. Cir. 1998). The disagreement regarding the proficiency report incident in the present case, standing alone, is not sufficient to establish that Dr. Parrino's actions amounted to an arbitrary or capricious exercise of power by a Federal official. As the administrative judge noted, "[t]here is nothing arbitrary or capricious about the Chief of Staff of a VA Medical Center reviewing and commenting upon the quality of performance evaluations written by his subordinate supervisors." Accordingly, the administrative judge did not err in concluding that Dr. Doyle failed to make a nonfrivolous allegation that he reported an abuse of authority to the OSC.[2]

CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

COSTS

Each party shall bear its own costs.

---

[2] In his brief, Dr. Doyle also notes that he has not received a copy of his own final proficiency report. He has not explained, however, how a failure to provide said report, if proven, could demonstrate an arbitrary or capricious exercise of power adversely affecting his rights or resulting in personal gain or advantage in the present case.