NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3351

MICHAEL J. RILEY, SR.,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Michael J. Riley, Sr., of New Orleans, Louisiana, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3351

MICHAEL J. RILEY, SR.,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for review of the Merit Systems Protection Board in DA1221080196-W-1.

_____

DECIDED:  March 6, 2009

_____

Before LOURIE, ARCHER, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Michael J. Riley appeals from the final decision of the Merit Systems Protection Board (the "Board") dismissing his appeal for lack of jurisdiction.  <u>Riley v. Dep't of Homeland Sec.</u>, DA-1221-08-0196-W-1 (M.S.P.B. May 21, 2008).  Because Riley has not demonstrated that the Board's decision was an abuse of discretion, contrary to law, or otherwise reversible, we <u>affirm</u>.

## BACKGROUND

Beginning on January 24, 2006, Riley received a series of temporary excepted service appointments to the position of Disaster Assistance Employee ("DAE"), Office of

Equal Rights, with the Federal Emergency Management Agency ("the Agency") in New Orleans, Louisiana. The last of his appointments was a temporary three-year excepted service appointment to the position of Equal Rights Officer on April 1, 2007, not to exceed March 27, 2010.

On August 1, 2007, Riley was notified that he was being terminated immediately because of alleged unauthorized charges on his government-issued travel charge card totaling over $7000. On or about September 16, 2007, Riley filed a Complaint of Possible Prohibited Personnel Practice or Other Prohibited Activity with the Office of Special Counsel ("OSC"). He reported that he had been the subject of reprisal for "disagreement with the Deputy Manager of the Equal Rights Cadre," primarily regarding his assignments, and for complaining about inadequate supervision. He characterized his dismissal for alleged unauthorized travel charge card usage as a pretext. On December 19, 2007, Riley wrote a letter to the OSC stating that he "worked very hard to ensure the rights of victims [of the Hurricane Katrina disaster] and employees, while advising management of the rights and responsibilities, as the local-hire Equal Rights Officer." Riley again indicated that he believed "that the credit card use was a pretext for discharging him" and said he was fired for complaints and disagreements with managers "who did not want to follow [Equal Employment Opportunity] rules."

On December 20, 2007, the OSC advised Riley that it was concluding its inquiry into his allegations and that he had the right to seek corrective action from the Board. Riley appealed to the Board on January 22, 2008.

In his appeal, Riley alleged that between June 22, 2007, and July 31, 2007, he made seven disclosures via e-mail. The seven e-mails, which he attached to his Board

appeal, dealt primarily with complaints to and about his manager regarding the location of assignments and inability to attend a training session. For example, Riley characterized one e-mail he wrote to his manager as indicating that he "didn't complain when 1) force[d] to submit to DAE Evaluation not required of other local hire[s] at [the] Katrina disaster; 2) sent without notice to Harhan[,] [LA] disaster without notice and personal cost of $1000 to complete assignment; 3) without notice deployed to Greensburg, KS disaster and stopped [en] route without reimbursement; 4) refusal to all[ow] me to attend the mandatory [Equal Rights Officer] Update training." Riley asserted that because of his alleged whistleblowing, he was subjected to the following personnel actions: 1) not being allowed to attend training mandatory for his position; 2) being advised of problems with his travel charge card usage; 3) termination of his travel charge card; and 4) termination of his appointment for unauthorized use of the travel charge card.

The administrative judge ("AJ") assigned to his case advised Riley twice of what was required to establish the Board's jurisdiction over the matter as an individual right of action ("IRA") appeal, viz., that he had to identify with specificity each of his alleged whistleblower disclosures, every personnel action he claimed was or was not taken in retaliation for his whistleblower disclosures, and how each identified disclosure was a contributing factor in the Agency's decision to take or fail to take each of the identified personnel actions. In response, Riley identified some of the seven e-mails that he had provided with his appeal as his alleged protected disclosures and indicated that several personnel actions were taken against him.

On May 21, 2008, the AJ dismissed Riley's IRA appeal as failing to make nonfrivolous allegations of fact that, if proven, could show that he made any protected disclosure. The AJ found that Riley failed to raise facts that showed that any of his e-mail messages evidenced a violation of law, rule, or regulation that the Whistleblower Protection Act ("WPA") intended to encourage and protect. Instead, the AJ stated that the e-mails were merely complaints about decisions that Riley's manager made regarding his training, assignments, and treatment. The AJ also found that the e-mail messages did not allege facts that rose to the level of an abuse of authority.

Riley filed a petition for review of the AJ's initial decision. On August 21, 2008, the Board affirmed and thus rendered the AJ's initial decision final. Riley timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006). This court reviews whether the board has jurisdiction over an appeal de novo. Torain v. U.S. Postal Serv., 83 F.3d 1420, 1422 (Fed. Cir. 1996). Riley lacked appeal rights because he was a temporary excepted employee. However, the Board "has jurisdiction over an IRA appeal if an appellant has exhausted his administrative remedies before the OSC and makes 'nonfrivolous allegations' that (1) he engaged in whistleblowing by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor

in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (citations omitted).

In the instant action, Riley and the Agency dispute whether Riley's e-mails are protected whistleblowing disclosures. Riley argues that he raised a nonfrivolous allegation of protected whistleblowing activity by disclosing that the Agency terminated him without notice or counseling by his supervisor, in violation of Federal Emergency Management Agency Instruction 6200.2. He then argues that his disclosures were a contributing factor to his termination and that the alleged misuse of the travel credit card was a pretext for firing him. In response, the Agency asserts that none of the e-mails submitted by Riley fits the criteria for protected disclosures. The Agency argues that the e-mails do not identify any information that evidences a violation of law, rule, or regulation, nor could they be construed as any other disclosure protected under the WPA.

We agree with the Agency that the Board's decision was not an abuse of discretion, contrary to law, or otherwise reversible. The WPA defines a protected disclosure as "information which the employee or applicant reasonably believes evidences—(i) a violation of any rule, law, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8) (2006). No such disclosure was made here. It is clear that the e-mails that Riley points to as his alleged disclosures do not fit into any category of protected disclosures under the WPA. The e-mails indicate that Riley had personal disagreements with legitimate managerial decisions such as where

to send him on assignments and terminating his employment based on problems with his travel charge card. Those disagreements fall far short of demonstrating any violations of law, gross mismanagement, abuse of authority, or reporting of any other kind of activity that could be considered a whistleblowing disclosure.

Thus, the Board did not abuse its discretion, commit any error of law, or otherwise reversibly err, in dismissing Riley's appeal for lack of jurisdiction. Accordingly, we <u>affirm</u> the Board's decision.

COSTS

<u>No costs.</u>

2008-3351