NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN J. REARDON,**
*Petitioner,*

v.

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2009-3268

---

Petition for review of the Merit Systems Protection Board in DC1221090361-W-1.

---

Decided: June 21, 2010

---

ADAM AUGUSTINE CARTER, The Employment Law Group, P.C., of Washington, DC, argued for petitioner. With him on the brief was R. SCOTT OSWALD.

MATTHEW H. SOLOMSON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. On the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, TODD M.

HUGHES, Deputy Director, and LAUREN A. WEEMAN, Trial Attorney.

———————————

Before BRYSON, DYK, and PROST, *Circuit Judges*.

PER CURIAM.

Kevin J. Reardon ("Reardon") petitions for review of a final order of the Merit Systems Protection Board ("MSPB" or "Board") dismissing the appeal of his removal. *Reardon v. Dep't of Homeland Sec.*, No. DC-1221-09-0361-W-1 (M.S.P.B. Aug. 5, 2009). The Board found that Reardon failed to make a nonfrivolous allegation that he engaged in a protected activity under the Whistleblower Protection Act ("WPA"). *See Reardon v. Dep't of Homeland Sec.*, No. DC-1221-09-0361-W-1, slip op. at 8 (M.S.P.B. Apr. 15, 2009) ("*Initial Decision*"). We affirm.

BACKGROUND

On October 25, 2008, Reardon's appointment to the Deputy Assistant Secretary position was terminated within the one-year probationary period for performance-based reasons. Because he was removed during his probationary period, Reardon could not appeal his removal to the MSPB. *See* 5 C.F.R. § 359.407; *see also id.* § 359.402. On November 6, 2008, Reardon filed a complaint with the Office of Special Counsel ("OSC") alleging that he was terminated from his position in reprisal for making protected disclosures under the WPA. Reardon specifically identified two disclosures: (1) an October 3, 2008, disclosure to his supervisor, Robert Stephan ("Stephan"), that the Under Secretary of the National Protection and Programs Directorate ("NPPD"), Robert Jamison ("Jamison"), was allegedly interfering with and attempting to influence the performance management

process by requesting preliminary performance ratings from first-line supervisors, and (2) a late-June/early-July 2008 disclosure to Jamison reporting the "irrational and hostile work environment" allegedly created by Stephan by ordering Reardon to stay away from certain matters and limit attendance to only certain meetings, *see Initial Decision*, slip op. at 7, in order to obstruct Reardon's right to compete for employment and coerce him to resign in contravention of 5 U.S.C. § 2302(b)(4) and (5). OSC terminated its investigation on January 6, 2009, and informed Reardon of his right to seek corrective action from the MSPB.

On March 5, 2009, Reardon filed his individual right of action ("IRA") appeal with the MSPB. On March 11, 2009, the Administrative Judge ("AJ") issued an order to show cause, requiring Reardon to provide evidence and argument to demonstrate that his appeal was within the Board's jurisdiction. "[T]he Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes 'non-frivolous allegations' that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). A protected disclosure under 5 U.S.C. § 2302(b)(8) is "any disclosure of information by an employee . . . which the employee . . . reasonably believes evidences—(i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A).

In an April 15, 2009, initial decision, the AJ held that Reardon failed to make a nonfrivolous allegation that he had engaged in protected whistleblowing activity. With regard to Reardon's October 3, 2008, disclosure, the AJ found that none of the statutes or regulations cited by Reardon precluded Jamison from requesting advance information about employee performance reviews. With regard to Reardon's June/July 2008 disclosure, the AJ found that the disclosure merely reflected a policy disagreement about Reardon's duties that was "debatable among reasonable people," and therefore was not a protected disclosure. *Initial Decision*, slip op. at 7.

Reardon filed a petition for review with the full Board, which was denied, making the initial decision of the AJ the final decision of the Board. Reardon timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). Following oral argument, we issued a letter order requesting the government to submit for consideration "the governing regulations or manual specifying the procedures under which employee performance evaluations at the National Protection and Programs Directorate of the Department of Homeland Security were conducted during the October 2008 appraisal period." *Reardon v. Dep't of Homeland Sec.*, No. 2009-3268 (Fed. Cir. May 10, 2010) (letter order). On June 16, 2010, Reardon filed a response to the government's submission.

DISCUSSION

Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

Reardon argues that the Board erred in finding that he failed to make a nonfrivolous allegation that he engaged in protected whistleblowing. "The standard for determining whether non-frivolous disclosures exist 'is analogous to that for summary judgment.' '[T]he petitioner must show the existence of a material fact issue . . . to support Board jurisdiction. Non-frivolous allegations cannot be supported by unsubstantiated speculation in a pleading submitted by petitioner.'" *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008) (citation omitted) (quoting *Dorrall v. Dep't of the Army*, 301 F.3d 1375, 1380 (Fed. Cir. 2002), *overruled on other grounds by Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322 (Fed. Cir. 2006)).

We conclude that the Board did not err in dismissing Reardon's IRA appeal for lack of jurisdiction. There was no evidence that the disclosures asserted by Reardon could reasonably be thought to evidence a violation of law, rule, or regulation; gross mismanagement; or abuse of authority. With regard to the October 3, 2008, disclosure, none of the statutes or regulations governing performance evaluations contains any provision that would have precluded Jamison from requesting preliminary performance reviews from the supervisors reporting to him. Nor do the Department of Homeland Security Management Directives governing employee performance reviews contain any such prohibition. *See* Dep't of Homeland Sec., MD No. 3180, Senior Executive Service Performance Management (n.d.); Dep't of Homeland Sec., MD No. 3181, Performance Management (2006). Jamison was thus not precluded from requesting preliminary performance reviews. In his response, Reardon speculates that there may be other governing directives that the government did not supply to this court, and that discovery should be allowed. But in order to establish jurisdiction,

Reardon was obligated to provide evidence to the Board that he had sufficient information to form a reasonable belief that a law, rule, or regulation had been violated, or that gross management or an abuse of authority had occurred. That he has not done. Any allegation that Jamison was attempting to improperly interfere or influence the performance review process by requesting preliminary performance reviews can only be described as unsubstantiated speculation.

Also, Reardon's June/July 2008 disclosure cannot reasonably be viewed as anything more than a disagreement with Stephan over legitimate managerial decisions such as what matters to work on and what meetings to attend.

Finally, Reardon argues on appeal that he made a third protected disclosure, also addressing Stephan's actions, on October 1, 2008, which the Board failed to address. However, this disclosure was not properly raised before either the OSC or the MSPB, and Reardon has therefore waived this issue. *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998).

For the aforementioned reasons, we affirm.

**AFFIRMED**

COSTS

No costs.