NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICKY WILLIAMS,**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2012-3200

---

Appeal from the Merit Systems Protection Board in No. AT0752100284-B-1.

---

Decided: February 12, 2013

---

RICKY WILLIAMS, of Jackson, Mississippi, pro se.

J. HUNTER BENNETT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before PROST, SCHALL, and REYNA, *Circuit Judges.*

PER CURIAM.

## DECISION

Ricky Williams petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the United States Postal Service ("Postal Service" or "agency") removing him from his position as a mail handler in Jackson, Mississippi. *Williams v. United States Postal Service,* No. AT-0752-10-0284-B-1 (M.S.P.B. July 6, 2012) ("*Final Decision*"). We *affirm.*

## DISCUSSION

### I.

The Postal Service removed Mr. Williams from his position for failing to be regular in attendance and for being absent without leave ("AWOL"). The agency charged that, between March 3, and May 20, 2008, Mr. Williams had 136 hours of unscheduled absences totaling 17 days and 224 hours, or 28 days of AWOL. Mr. Williams appealed his removal to the Board.

Before the Board, Mr. Williams did not dispute that he was absent from work on the dates identified and for the number of hours specified by the Postal Service. Rather, he argued that he had requested leave for his absences and that the absences were covered by the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq. He also raised several affirmative defenses: (1) that the agency discriminated against him on the basis of disability; (2) that the agency discriminated against him on the basis of age and gender; and (3) that his removal was in retaliation for his having filed an equal employment opportunity ("EEO") complaint. In due course, following a hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial

decision affirming the agency's action. *Williams v. United States Postal Service*, No. AT-0752-10-0284-B-1 (Apr. 5, 2011) ("*Initial Decision*").

In support of the AWOL charge, the Postal Service presented records and the testimony of Marcia Shamwell, the Attendance Control Supervisor for the Jackson Post Office. With regard to the March-May period, Ms. Shamwell testified that she never saw any documentation reflecting that Mr. Williams had an FMLA-covered illness and that, when asked to do so, Mr. Williams failed to provide documentation supporting his claim of such an illness. *Initial Decision* at 2-3. For that reason, the agency denied his request for leave under the FMLA. Ms. Shamwell further testified that Mr. Williams failed to return to work when instructed to do so by the agency. *Id.* at 3. In addition to considering the testimony of Ms. Shamwell, the AJ noted that Mr. Williams's medical documentation did not indicate that any of the conditions described prevented him from coming to work, so as to entitle him to leave under the FMLA. *Id.* at 3-4. She therefore sustained the charge of AWOL. *Id.* at 5. After finding the penalty of removal promoted the efficiency of the service and was reasonable, the AJ affirmed the agency's action. *Id.* at 8-10.

The AJ also rejected each of Mr. Williams's affirmative defenses. As far as the claim of disability discrimination was concerned, the AJ explained that, although Mr. Williams had provided a list of medical conditions from which he suffered, he had failed to identify which ones were disabling. Accordingly, the AJ found that Mr. Williams had failed to establish that he was disabled or that the Postal Service had a duty to accommodate him. *Initial Decision* at 5-6. Mr. Williams's affirmative defense of discrimination on the basis of age and gender was based upon the claim that six younger men and a woman had worse attendance records than he and were not removed. The AJ found, however, that the record did not

reflect that any of the men identified by Mr. Williams as having received a lesser punishment for a similar offense were younger than Mr. Williams or that any of these men or the identified woman "was absent on leave not protected by the FMLA for 45 days, as was the appellant, and failed to respond after the agency ordered him or her to come back to work, as did the appellant." *Id.* at 7. On this basis, the AJ determined that Mr. Williams was not similarly situated to others not in his protected group. She therefore rejected his affirmative defense of age and gender discrimination. *Id.* Finally, the AJ rejected Mr. Williams's claim that his removal was in retaliation for his having filed an EEO complaint because she concluded that Mr. Williams had failed to establish a genuine nexus between his EEO activity and the removal action and because she found the Postal Service had demonstrated that it would have removed him even in the absence of his EEO activity. *Id.* at 8.

Mr. Williams petitioned the Board for review. In the *Final Decision*, the Board denied the petition. Noting that Mr. Williams did not dispute that he had failed to report for duty on the dates charged, the Board stated that the FMLA certifications he had provided to the Postal Service were deficient and that he had not cured the deficiencies despite being given the opportunity to do so. *Final Decision* at 3-6. Turning to Mr. Williams's affirmative defenses, the Board held first that the claim of disability discrimination failed because Mr. Williams had failed to request any accommodation for his alleged disabilities. *Id.* at 7. Addressing Mr. Williams's claim of age and gender discrimination, the Board found that, although three of the men identified by Mr. Williams as being treated more leniently than him were (contrary to the AJ's finding) younger than him, the circumstances of the six men were sufficiently distinct from his situation to undercut any claim of discrimination against him based upon age. *Id.* at 7-8. The Board also found that Mr.

Williams had failed to point to any evidence in support of his claim of gender discrimination. *Id.* at 8. Finally, the Board agreed with the AJ that Mr. Williams had failed to establish a nexus between his protected EEO activity and his removal. *Id.* at 9. With the petition for review denied, except to the extent modified by the *Final Decision*, the *Initial Decision* became the final decision of the Board. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998).

## III.

As outlined above, both the AJ and the Board rendered thorough and well-reasoned decisions in this case. Against that background, we address the arguments Mr. Williams raises on appeal.

First, Mr. Williams contends that both the AJ and the Board failed to consider some 41 pages of prehearing submissions that he filed on February 22, 2011. This argument is without merit. The Board cited documents in the tab comprising these submissions five times. *See Final Decision* at 4 (three citations), 6, 8 n.4. At the same time, while it is true that the AJ did not specifically cite any of the documents at issue, "[w]e presume that a fact finder reviews all of the evidence presented unless [it] explicitly expresses otherwise." *Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 906 (Fed. Cir. 1986).

Mr. Williams's second argument on appeal relates to his claim that, in removing him, the Postal Service discriminated against him on the basis of age. He claims that two of the six employees whom he identified as being younger than him and who also had AWOL absences were treated more leniently than him. We lack jurisdiction, however, to consider this claim of discrimination. *See* 5 U.S.C. §§ 7703(b)(1), (b)(2); *Kloeckner v. Solis*, 133 S. Ct. 596, 603-07 (2012). In any event, there is no evidence in the record to support Mr. Williams's discrimination claim because the first employee identified by Mr. Williams was younger than Mr. Williams, while the second identified employee had fewer absences and no AWOLs during the period covered by the discipline that Mr. Williams contends was more lenient than his. In short, neither of the identified employees was similarly situated to Mr. Williams.

Finally, Mr. Williams asserts that "[t]he MSPB on page 3 [of the *Final Decision*] stated that Marcia Shamwell testimony was not accurate [but] afterward came back on page 6 and stated that the same testimony was unrefuted." Petitioner's Informal Brief, Response to Question 5. Mr. Williams appears to be arguing that the Board's decision is defective because in the *Final Decision*, in contradictory fashion, the Board both rejected and accepted the testimony of Ms. Shamwell. We reject this argument because it is based upon a misreading of the *Final Decision*. At page 3 of the *Final Decision*, in footnote 2, the Board did not reject Ms. Shamwell's testimony. Rather, it simply stated that the AJ's characterization of one aspect of the testimony in the *Initial Decision* was not accurate. In short, there is no contradiction in the Board's treatment of Ms. Shamwell's testimony.

## IV.

Because the final decision of the Board in this case is supported by substantial evidence and is free of legal error, it is affirmed.

**AFFIRMED**

No costs.