NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANGELA M. NELSON,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2016-1834

---

Petition for review of the Merit Systems Protection Board in No. DA-1221-15-0197-W-1.

---

Decided: September 7, 2016

---

ANGELA M. NELSON, Lake Charles, LA, pro se.

JEFFREY D. KLINGMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD.

---

Before MOORE, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Angela M. Nelson, proceeding pro se, appeals from a final order of the Merit Systems Protection Board (MSPB) affirming an initial decision that denied Nelson's request for corrective action under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8) (2012), *amended by* Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112–199, 126 Stat. 1465 (WPA), after the Department of the Army forced her to resign during her probationary period. *See Nelson v. Dep't of the Army*, No. DA-1221-15-0197-W-1, 2016 WL 791724 (M.S.P.B. Feb. 29, 2016) (Final Order); *Nelson v. Dep't of the Army*, No. DA-1221-15-0197-W-1, 2015 WL 6689792 (M.S.P.B. Oct. 30, 2015) (Initial Decision).[1]  Because the MSPB did not err in concluding that Nelson failed to demonstrate by a preponderance of the evidence that the Army retaliated against her for making protected disclosures under the WPA, we *affirm*.

## BACKGROUND

On June 2, 2014, Nelson began serving as a Clinical Nurse in the Department of Behavioral Health at the Bayne-Jones Army Community Hospital in Fort Polk, Louisiana, subject to a one-year probationary period.  On August 22, 2014, the Army informed Nelson that it would be terminating her for unsatisfactory performance and conduct, if she did not resign.  She opted to resign, effective that same day.

On September 9, 2014, she filed a complaint with the Office of Special Counsel (OSC), alleging that the Army

---

[1]    Hereinafter, for ease of reference, we will cite to the Respondent's Appendix, which contains paginated versions of the Initial Decision and Final Order.  *See* Resp't App. at 7–14 (Final Order); *id.* at 15–28 (Initial Decision).

forced her resignation and that it did so in retaliation for protected, whistleblowing disclosures she made at a July 14, 2014 meeting[2] that included her then-supervisor. At that meeting she generally disclosed to her supervisor that her then-trainer harbored a hostile and disrespectful attitude toward her, mistreated her, and had been unwilling to train her. *See* Resp't App. at 9–10, 20–21. The OSC terminated its investigation of Nelson's allegations on November 17, 2014, and Nelson appealed to the MSPB.

On appeal, an Administrative Judge (AJ) in an initial decision determined that Nelson had not demonstrated by a preponderance of the evidence that she made any protected disclosures under the WPA. *See id.* at 20–22. More specifically, the AJ found that no reasonable observer could conclude that her trainer's attitude and conduct toward her demonstrated an abuse of authority. *See id.* at 21 ("The events . . . as described by . . . [Nelson], do not indicate that [her trainer] used abusive language or that [the trainer] behaved in a denigrating, harassing, or intimidating manner toward [Nelson]. Viewed through the lens of a disinterested observer, the events appear to be within the bounds of appropriate workplace behavior."). Similarly, the AJ found that no reasonable observer could conclude that Nelson's trainer refused to train her, and so there was also no abuse of authority in that regard. *Id.* at 22. Accordingly, the AJ refused to order corrective action against the Army. *Id.*

Nelson petitioned for review of the AJ's initial decision with the MSPB. On review, Nelson "[did] not point

---

2    There is some ambiguity as to when this meeting occurred, but any ambiguity is irrelevant to the outcome of this appeal as the meeting undisputedly happened before she resigned from the Army. *See* Resp't App. at 9 n.3 (some "evidence suggests that the meeting occurred on or about August 6, 2014").

to any specific error in the initial decision." *Id.* at 11. She stated her "disappoint[ment]" with the initial decision and re-presented her abuse-of-authority allegations against her trainer. *Id.* The MSPB rejected the petition for review and affirmed the AJ's initial decision, rendering it the final decision of the MSPB. *Id.* at 8.

Nelson appeals the MSPB's final decision, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

## DISCUSSION

Review of a MSPB decision is limited by statute. *See* 5 U.S.C. § 7703(c) (2012). We may only set aside the decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.* Our function here is to determine whether the MSPB decision is supported by substantial evidence; we do not review the decision de novo. *McMillan v. Dep't of Justice*, 812 F.3d 1364, 1371 (Fed. Cir. 2016) ("The correct 'standard is not what the court would decide in a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole.'" (quoting *Parker v. U.S. Postal Serv.*, 819 F.2d 1113, 1115 (Fed. Cir. 1987))). Substantial evidence is "relevant evidence" that "a reasonable mind might accept as adequate to support a conclusion." *Ingram v. Dep't of the Army*, 623 F. App'x 1000, 1003 (Fed. Cir. 2015) (quoting *McLaughlin v. Office of Pers. Mgmt.*, 353 F.3d 1363, 1369 (Fed. Cir. 2004)). A petitioner bears the burden of establishing reversible error in the MSPB decision. *Harris v. Dep't of Veterans Affairs,* 142 F.3d 1463, 1467 (Fed. Cir. 1998).

The WPA prohibits an agency from taking an adverse personnel action in response to a protected disclosure made by an employee. *E.g.*, *Agoranos v. Dep't of Justice*,

602 F. App'x 795, 801 (Fed. Cir. 2015). A disclosure is protected if the employee "reasonably believes" the disclosure shows "(i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety . . . ." 5 U.S.C. § 2302(b)(8)(A). A reasonable belief is one that a disinterested observer with the employee's knowledge of essential facts could reasonably conclude that the disclosed information constituted a protected disclosure. *See Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999). "A purely subjective perspective of an employee" is not enough. *Id.* And relevant here, "[a]n abuse of authority is comprised of an arbitrary and capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to the official or preferred other persons." *Yeh v. Merit Sys. Prot. Bd.*, 527 F. App'x 896, 900 (Fed. Cir. 2013) (citing *Doyle v. Dep't of Veterans Affairs*, 273 F. App'x 961, 964 (Fed. Cir. 2008)).

Where the employee proves by a preponderance of the evidence that (1) the employee made a protected disclosure as defined in 5 U.S.C. § 2302(b)(8), and (2) the protected disclosure was a contributing factor to the adverse personnel action, the MSPB must order corrective action against the agency, unless the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action notwithstanding the protected disclosure. *E.g., Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1034 (Fed. Cir. 1993).

Even after we afford the pro se petitioner liberal construction of her appellate brief, we cannot disturb the MSPB's final order. Nelson failed to establish by a preponderance of the evidence that her disclosures were protected by the WPA.

First, substantial evidence supports the MSPB's finding that Nelson's trainer did not refuse to train her. The MSPB reviewed training logs, emails, and witness statements, all of which supported that Nelson in fact received training from her trainer until *she* requested a new trainer. Resp't App. at 12, 22.

Second, we agree that Nelson's trainer's attitude and conduct toward her could not be reasonably viewed as an abuse of authority. At most, she disclosed to her supervisor that she had a strained working relationship with her trainer and that they did not get along. But such disclosures do not find protection under the WPA. *See Suggs v. Dep't of Veterans Affairs*, 415 F. App'x 240, 242 (Fed. Cir. 2011) ("We agree with the [MSPB] that . . . statements relating to conflict with a superior do not rise to the level of fraud, waste, or illegal activity, the disclosure of which the WPA protects." (citing *Willis v. Dep't of Agric.*, 141 F.3d 1139, 1143 (Fed. Cir. 1998))); *Reardon v. Dep't of Homeland Sec.*, 384 F. App'x 992, 994 (Fed. Cir. 2010) (no protected disclosure where there was a "disagreement over managerial decisions"); *Winfield v. Dep't of Veterans Affairs*, 348 F. App'x 577, 580 (Fed. Cir. 2009) ("[D]isclosure . . . simply outlined . . . general misgivings about . . . working conditions, training, office equipment, work hours, professional development, and lack of supervisory support. . . . Whistleblower protection does not extend to an employee's personal grievances about his job."); *Riley v. Dep't of Homeland Sec.*, 315 F. App'x 267, 270 (Fed. Cir. 2009) ("[P]ersonal disagreements with legitimate managerial decisions . . . fall far short of demonstrating any violations of law, gross mismanagement, abuse of authority, or reporting of any other kind of activity that could be considered a whistleblowing disclosure."); *Willis*, 141 F.3d at 1143 ("Discussion and even disagreement with supervisors over job-related activities is a normal part of most occupations."); *Powell v. Dep't of the Air Force*, 132 F.3d 54 (Fed. Cir. 1997) (unpublished

table decision recognizing that disclosure of supervisor "mismanagement" is "not . . . the subject of a protected disclosure under the WPA"); *see also Langer v. Dep't of Treasury*, 265 F.3d 1259, 1266 (Fed. Cir. 2001) ("[D]isclosures of trivial violations do not constitute protected disclosures [under the WPA]." (citing *Herman v. Dep't of Justice*, 193 F.3d 1375 (Fed. Cir. 1999))).

Nelson contends that the MSPB did not consider all of the evidence she submitted in support of her allegations against her trainer. *See* Pet'r Br. at 1. We presume that the MSPB reviewed and considered all evidence in the record. *See, e.g.*, *Williams v. U.S. Postal Serv.*, 520 F. App'x 957, 960 (Fed. Cir. 2013) (citing *Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 906 (Fed. Cir. 1986)). And that presumption stands unrebutted. Not only does Nelson fail to recite what evidence the MSPB ignored, but the record also reflects that the MSPB considered and examined "numerous" submissions from her, which detailed the complaints she had about her trainer. Resp't App. at 9; *see also id.* at 20.

Finally, Nelson accuses the Army of fabricating evidence. *See* Pet'r Br. at 2. She has not, however, provided us with any reason—except for her say-so—to doubt the MSPB's assessment of the evidence in the record, including its reliability. And "it is not this court's function to reweigh the evidence." *Pedeleose v. Dep't of Def.*, 625 F. App'x 534, 537 (Fed. Cir. 2015) (citing *Schab v. Dep't of Veterans Affairs*, 142 F. App'x 449, 450 (Fed. Cir. 2005); *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002)); *see also Briley v. Nat'l Archives & Records Admin.*, 236 F.3d 1373, 1377 (Fed. Cir. 2001) ("In addition, the [MSPB's] credibility determinations are 'virtually unreviewable on appeal.'" (quoting *Rogers v. Dep't of Defense Dependents Sch.*, 814 F.2d 1549, 1554 (Fed. Cir. 1987))).

CONCLUSION

The MSPB did not err in denying Nelson's request for corrective action because she did not meet her burden of proving that the WPA protected any disclosures she made during her employment with the Army. Accordingly, we affirm the MSPB's final order.

**AFFIRMED**

COSTS.

No Costs.