NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3348

ANASTASIA M. KAVANAGH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  April 10, 2006

_____

Before LOURIE, CLEVENGER, and BRYSON, Circuit Judges.

PER CURIAM.

Anastasia M. Kavanagh appeals from the final decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. Kavanagh v. Department of Defense, No. DC-1221-04-W-1 (M.S.P.B. July 15, 2005).  Because the Board correctly determined that it lacked jurisdiction over her appeal, we affirm.

BACKGROUND

Kavanagh was employed as an Accounting Technician and Operating Accountant in the Washington Headquarters Services division of the Department of Defense (the "Agency").  In 1985, she sought a different position that required Top Secret clearance but she was not granted that clearance. She eventually

resigned from her position in 1990. On January 4, 2004, Kavanagh filed a complaint at the Office of Special Counsel ("OSC"), alleging that the Agency retaliated against her for engaging in whistleblowing activity. Between 1982 and 1983, Kavanagh wrote numerous memoranda to management consisting of suggestions to improve management procedures. She claims that in retaliation for disclosing the memoranda, the Agency placed her into the "International Security Net," which she alleges resulted in her safety being endangered. On July 28, 2004, the OSC informed Kavanagh that it had terminated its inquiry into her whistleblowing complaint.

On August 31, 2004, Kavanagh filed an individual right of action ("IRA") appeal to the Board, alleging that she was "thrown into the International Security Net" in retaliation for her whistleblowing activity. On September 21, 2004, the administrative judge ("AJ") notified Kavanagh that, to establish jurisdiction over her IRA appeal, she would have to show that she had exhausted her administrative remedies before the OSC and that she had made nonfrivolous allegations of engaging in whistleblowing activity. Kavanagh responded with a letter stating again that following the request for Top Security clearance, she was thrown into the International Security Net in retaliation for her whistleblowing activity.

On October 21, 2004, the AJ dismissed Kavanagh's appeal for lack of jurisdiction. Although the AJ determined that Kavanagh had exhausted her administrative remedies before the OSC, the AJ found that she had not shown that she made a nonfrivolous allegation of a protected disclosure. The AJ noted

that a "protected disclosure" is a disclosure of a "violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or substantial and specific danger to public health or safety." The AJ determined that Kavanagh's alleged protected disclosures, which consisted of suggestions to improve management procedures, were debatable management decisions that did not rise to the level of "gross mismanagement or abuse of authority." The AJ thus concluded that because she had not made a nonfrivolous allegation of a protected disclosure evidencing gross mismanagement or abuse of authority, the Board lacked jurisdiction to hear her appeal.

The AJ then determined that even if Kavanagh's suggestions could be considered "protected disclosures," the Board would still lack jurisdiction over the appeal because the Agency's alleged acts of reprimand predated the effective date of the Whistleblower Protection Act ("WPA"). The AJ noted that once an appellant establishes that she made a protected disclosure, the inquiry shifts to whether the disclosure was a contributing factor in the Agency's decision to take or fail to take a personnel action. The AJ observed that the date of the Agency's notice of proposed reprimand was November 14, 1985, which predated the July 9, 1989 effective date of the WPA. Therefore, the AJ concluded that it further lacked jurisdiction over the appeal because the Agency's alleged actions were taken before the effective date of the WPA.

Kavanagh appealed the AJ's decision to the full Board, which denied her petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113(b) (2004).

Kavanagh timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

DISCUSSION

Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that we review de novo. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213 (Fed. Cir. 2003). Kavanagh, as the petitioner, has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. See id. at 1213-14.

Kavanagh argues that she made a nonfrivolous allegation of a protected disclosure. According to Kavanagh, she disclosed to her supervisors memoranda that revealed significant problems in the Agency's accounting system. She further contends that in retaliation for disclosing those memoranda to her supervisors, the Agency placed her name in its "Security Service files," resulting in alleged harassment by various members of the public and a feeling of isolation from society and her family.

The government responds that the AJ correctly determined that Kavanagh failed to make a nonfrivolous allegation that her disclosures were protected under the WPA. The government argues that Kavanagh's alleged disclosures consisted of employee suggestion forms that criticized agency policies and her working conditions and that contained ideas for changes in internal agency procedures. According to the government, those disclosures represented mere differences of opinion between her and her supervisors and did not amount to a nonfrivolous allegation of an abuse of authority or gross mismanagement. In

addition, even if the disclosures were protected under the WPA, the government contends that the Board would still have lacked jurisdiction over her appeal because the Agency's alleged acts of reprisals occurred before the effective date of the WPA.

We agree with the government and conclude that the Board correctly decided that it did not have jurisdiction over Kavanagh's appeal on the grounds that she did not make a "protected disclosure" and that the alleged Agency action occurred before the effective date of the WPA. In order for the Board to have jurisdiction over an IRA appeal, an employee must first exhaust her administrative remedies before the OSC and make nonfrivolous allegations that (1) she engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action after July 9, 1989, the effective date of the WPA. See Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

A protected disclosure is one that the appellant reasonably believes evidences a violation of law, rule or regulation, gross mismanagement, a gross waste of funds, abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8). "Gross mismanagement" has been defined as a management action or inaction which creates a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission. White v. Dep't of the Air Force, 63 M.S.P.R. 90, 95 (1994). Kavanagh's disclosures consisted of memoranda with various "suggestions" and "suggested procedures" for improving internal agency procedures. The Board correctly

05-3348                                    5

concluded that those suggestions were not "protected disclosures" because they did not demonstrate a violation of a rule or regulation, gross mismanagement, or an abuse of authority. The suggestions for improving internal protocol were not directed towards management action that created a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission.

Even assuming that Kavanagh's disclosures were "protected disclosures," the Board still would not have had jurisdiction over her appeal because the alleged acts of reprisal occurred before July 9, 1989, the effective date of the WPA. The Top Secret clearance request for Kavanagh was issued and denied in 1985. After being denied the clearance, she was allegedly placed into the "International Security Net." The Agency's denial of the Top Secret clearance, which constituted the alleged act of reprisal, occurred in 1985, well before the effective date of the WPA. Because the date of the alleged Agency reprisal predated the effective date of the WPA, the Board did not have jurisdiction over the appeal.

Kavanagh also argues that the AJ failed to take into account the fact that others recognized her entitlement to assistance under the WPA. She contends that that fact was evidenced by the numerous telephone numbers and the names of lawyers given to her throughout the grievance process. That fact, however, merely demonstrates that the Agency provided Kavanagh with a list of people who might assist her during the grievance procedure. That is appropriate protocol for the Agency and is a fact that is not relevant to the jurisdictional issue before us.

Because the Board correctly determined that it lacked jurisdiction over her appeal, we affirm.