NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3272

FAROUK ELKASSIR,

Petitioner,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.

Farouk Elkassir, of Fort Lee, New Jersey, pro se.

Joan M. Stentiford, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3272

FAROUK ELKASSIR,

Petitioner,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.

_____

DECIDED: December 10, 2007

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Farouk Elkassir petitions for review of an adverse decision of the Merit Systems Protection Board ("MSPB" or "Board") denying him relief on his individual right of action ("IRA") appeal based on the Whistleblower Protection Act ("WPA"). <u>Elkassir v. Gen. Servs. Admin.</u>, No. NY1221060343-W-1 (M.S.P.B. May 4, 2007). We find no error with the Board's decision and therefore <u>affirm</u>.

## BACKGROUND

Mr. Elkassir worked as a mechanical engineer in the General Services Administration ("GSA"). In a February 3, 2006, email to the acting administrator of the GSA, Mr. Elkassir questioned the rumored closure of the center he worked in and raised

possible reasons for that closure; he also suggested that improvements in management would benefit the center. On March 22, 2006, Mr. Elkassir responded to a proposed suspension action—for alleged conduct (outside his email) related to his prior performance evaluation—by disclosing to his director of operations, Ms. Ramos, that his supervisor, Mr. Santapaga, had asked him to delay processing Item Purchase Descriptions and had added layers of review, in order to make the center seem busier than it otherwise would. He also disclosed to Ms. Ramos that Mr. Santapaga had issued a deviation from contract specifications to one of the government's contractors—allowing the contractor to use substandard packaging for shipments—without recouping the savings for the government. Following Mr. Elkassir's disclosures, Ms. Ramos issued him an official reprimand for insubordination on June 20, 2006. Also, on May 30, 2006, Mr. Elkassir received a substandard performance evaluation, and the GSA later issued a notice of unacceptable performance as well as a performance action plan.

Mr. Elkassir submitted a complaint to the Office of Special Counsel ("OSC") on July 13, 2006, alleging that the reprimand and a substandard performance rating were in retaliation for his disclosures related to Mr. Santapaga. On August 24, 2006, the OSC notified Mr. Elkassir that it had terminated its inquiry into his allegations but that he could pursue relief at the MSPB. He then filed his IRA appeal with the Board.

In a March 30, 2007, initial decision, the MSPB administrative judge dismissed Mr. Elkassir's claim relating to the letter of reprimand because he had elected to pursue relief through the negotiated grievance procedures defined by the collective bargaining agreement. Elkassir v. Gen. Servs. Admin., No. NY1221060343-W-1 (M.S.P.B. Mar. 30, 2007) ("Initial Decision"). The administrative judge then conducted a hearing to

determine Mr. Elkassir's rights relating to his substandard performance rating. The administrative judge concluded that Mr. Elkassir had asserted a nonfrivolous allegation of Board jurisdiction, but had failed to prove that he made a protected disclosure. Initial Decision, slip op. at 9. On May 4, 2007, the administrative judge's initial decision became the final decision of the Board. This petition followed.

DISCUSSION

We have jurisdiction over petitions for review of MSPB decisions under 28 U.S.C. § 1295(a)(9), pursuant to the procedures in 5 U.S.C. § 7703. We must set aside agency actions we find, "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." 5 U.S.C. § 7703(c).

To prevail on a claim under the WPA, an employee must show that he disclosed information he reasonably believed "evidences (i) a violation of law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A); see Reid v. Merit Sys. Prot. Bd., No. 2007-3056, slip op. at 5 (Fed. Cir. Nov. 19, 2007) (concluding that, to make a protected disclosure, a whistleblower need only disclose what he reasonably believes is an imminent—not actual—violation of law, rule, or regulation).

Before this court, Mr. Elkassir argues that he did make protected disclosures, pointing to the waste created by Mr. Santapaga's alleged change to the contract and disputing the administrative judge's credibility determinations. He also asserts that the

testimony of Linda Bambach—whom he alleges the administrative judge did not allow to testify—would have helped his case.

The administrative judge considered Mr. Elkassir's email to the acting administrator of GSA and concluded that Mr. Elkassir did not make a specific and detailed allegation of wrongdoing as required by the WPA. We agree with the administrative judge; Mr. Elkassir's email raised only the rumored closure of the center, certainly not an "imminent" violation. Reid, slip op. at 5.

Next considering Mr. Elkassir's disclosure that Mr. Santapaga had unnecessarily added layers of review to the work process, the administrative judge compared Mr. Elkassir's testimony with that of Mr. Santapaga. Mr. Elkassir admitted he knew of Mr. Santapaga's stated reason for adding layers of review—to reduce the possibility of error—and that he understood but disagreed with that stated reason. The administrative judge therefore concluded that Mr. Elkassir did not have a reasonable belief that Mr. Santapaga abused his authority or committed gross mismanagement. Initial Decision, slip op. at 11.

In order to show gross mismanagement, "an employee must disclose such serious errors by the agency that a conclusion the agency erred is not debatable among reasonable people." White v. Dep't of the Air Force, 391 F.3d 1377, 1382 (Fed. Cir. 2004). An abuse of authority requires an "arbitrary or capricious exercise of power by a federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons." D'Elia v. Dep't of the Treasury, 60 M.S.P.R. 226, 232 (1993). Mr. Elkassir's admission that he knew of Mr. Santapaga's stated reason for the policy shows that he understood the debatable

2007-3272                                    4

nature of the additional layers of review. Further, that stated reason also establishes that the additional review was not arbitrary, but instead based on logical principles. While Mr. Elkassir may have believed the additional review did not serve its intended purpose, he could not have reasonably concluded that Mr. Santapaga's actions rose to the point of gross mismanagement or abuse of authority. Therefore, the administrative judge correctly concluded that Mr. Elkassir did not make a protected disclosure relating to the additional review.

The administrative judge then discussed Mr. Elkassir's disclosure that Mr. Santapaga had asked him to delay his work. The administrative judge explicitly found that Mr. Santapaga offered more credible testimony on the issue, and had merely expressed to Mr. Elkassir his concern that Mr. Elkassir should perform more research to support his work. Initial Decision, slip op. at 12. The administrative judge's credibility determinations are "virtually unreviewable" on appeal. Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004) (citation omitted). Accordingly, we find no error in the administrative judge's conclusion that Mr. Elkassir did not reasonably believe that Mr. Santapaga abused his authority by suggesting Mr. Elkassir delay his work.

The administrative judge next addressed Mr. Elkassir's disclosure to Ms. Ramos that Mr. Santapaga had issued a deviation in a contractor's shipping specifications without recouping the savings for the government. Here, the administrative judge looked to Mr. Elkassir's testimony that Mr. Santapaga had no authority to either issue the deviation or recover any associated costs. Initial Decision, slip op. at 17–18. The administrative judge's discussion of the issue points to a lack of evidence that Mr. Santapaga should have in fact recovered the savings, and a lack of evidence that Mr.

Elkassir believed he should have done so. Mr. Elkassir admitted that Mr. Santapaga could only make a recommendation, not actually issue the deviation. <u>Initial Decision</u>, slip op. at 18. We agree with the administrative judge's analysis; nothing in the record indicates that Mr. Santapaga violated a law, rule, or regulation, committed gross mismanagement, or abused his authority. While Mr. Elkassir may believe that the government should recover any savings resulting from a contract deviation, he has not shown that Mr. Santapaga was obligated or even authorized to do so. Because substantial evidence supports the administrative judge's conclusion that Mr. Elkassir did not reasonably believe he was disclosing any wrongdoing, we affirm the administrative judge's conclusion that Mr. Elkassir did not make a protected disclosure.

Finally, Mr. Elkassir challenges the administrative judge's decision to exclude Linda Bambach from testifying as a witness. Mr. Elkassir only identifies the general topic of Ms. Bambach's testimony—the alleged unnecessary layers of work added by Mr. Santapaga. We do not find an abuse of discretion where Mr. Elkassir has failed to identify what the excluded witness would have added to the record. <u>Davis v. Office of Pers. Mgmt.</u>, 918 F.2d 944, 946 (Fed. Cir. 1990).

CONCLUSION

Because substantial evidence supports the administrative judge's decision and nothing indicates that the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, we affirm.

No costs.