NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**WEN CHIANN YEH,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

2012-3216

Petition for review of Merit Systems Protection Board in No. CH1221110433-W-2.

Decided: June 27, 2013

WEN CHIANN YEH, of Cary, North Carolina, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were BRYAN G. POLISUK, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

Before PROST, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

Wen Chiann Yeh, pro se, petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing her individual right of action ("IRA") under the Whistleblower Protection Act ("WPA") for lack of jurisdiction. Because we find that Yeh did not adequately invoke the Board's jurisdiction, we *affirm*.

BACKGROUND

Yeh was hired as an Information Technology Specialist with the Defense Information Systems Agency ("DISA") on April 12, 2010. On September 9, 2010, she was terminated from employment during her probationary period for "failure to demonstrate fitness for continued employment." Respondent's Appendix ("RA") 6, 23.

Yeh thereafter filed a complaint with the Office of Special Counsel ("OSC") regarding potential retaliatory conduct by DISA in violation of 5 U.S.C. § 2302(b)(8), the pertinent provision of the WPA. Following an exchange of correspondence with the OSC, on January 14, 2011, Malvina Hrynicwicz, a Complaints Examiner at OSC, identified the following allegations from Yeh's complaints: (1) retaliation for disclosure of DISA officials' gross mismanagement, waste of funds, and abuse of authority; (2) retaliation for disclosure of Yeh's coworkers' misuse of an online computer "chat" system; (3) retaliation for disclosure of Yeh's coworkers' late arrival to work; (4) defamation by Yeh's supervisor during the termination process; (5) racial discrimination of Yeh during the termination; (6) procedural defects in effecting Yeh's termination; and (7) misapplication by DISA of the factors set forth in *Douglas v. Dept. of Veterans Affairs*, 5 M.S.P.R. 280 (1981) for disciplining employees.

The OSC informed Yeh that it found her WPA claims meritless because OSC could not determine whether Yeh's disclosures were protected and, even if they were, whether they were a "contributing factor" in her termination. RA 50. The OSC found Yeh's other claims meritless as well, noting that issues of racial discrimination need to be

raised to the Equal Employment Opportunity Commission (not to OSC), the alleged procedural defects are based on a statute that applies to the Department of Defense Education Activity—not to DISA employees like Yeh, and the *Douglas* factors are guidelines for disciplinary actions against employees, but the agency retains ultimate discretion on discipline. The OSC further advised Yeh of her right to file an IRA appeal under the WPA.

In March 2011, Yeh filed an IRA appeal alleging her termination was made in retaliation for protected whistleblowing. On March 31, 2011, the Board issued an acknowledgement order apprising Yeh of her burden to establish Board jurisdiction, namely, that she "must make a non-frivolous allegation she made one or more whistleblowing disclosures and that the disclosures were a contributing factor in the personnel action at issue."[1] RA 65. On September 12, 2011, Yeh filed a brief with the Board alleging numerous protected disclosures. According to Yeh, she disclosed the misuse of government communication channels by superiors and fellow employees, citing some dates and names. She alleged that a human resource officer threatened to terminate her if she continued to complain; thereafter, he allegedly took part in her termination. Yeh also claimed that she reported this response to a union representative, and was retaliated against for this disclosure as well. She also alleged disclosure of her coworkers' misuse of "on duty time." RA 70. Additionally, Yeh alleged race discrimination by her

---

[1] At this time, a concurrent termination appeal filed by Yeh was pending before the Board. On April 7, 2011, the Board dismissed Yeh's IRA appeal without prejudice until the first termination appeal was resolved. Following a dismissal of the first appeal, the administrative judge reopened Yeh's IRA appeal, which is the matter presently before us.

supervisor, and other allegations not pertinent to this appeal.

The agency moved to dismiss the appeal for lack of jurisdiction, arguing that Yeh's allegations were vague and conclusory and that she had made no non-frivolous allegation that her disclosures were a contributing factor in her termination.

On December 6, 2011, in its initial decision, adjudicated without an oral hearing, the Board dismissed Yeh's appeal for lack of jurisdiction. *See* RA 6-14 ("Initial Decision"). Noting that the printout Yeh submitted of an instant messenger dialogue failed to identify the parties involved, the Board found that Yeh's allegation regarding misuse of the chat room was conclusory and not grounded in facts sufficient to fall within statutory standards for gross mismanagement, gross waste of funds, or an abuse of authority. Initial Decision at 5. Noting Yeh's extrapolation of $240 million in misused federal funds from one coworker's supposed abuse of leave time (as well as Yeh's failure to rule out whether the coworker was on travel status), the Board further held that her coworkers' allegedly fraudulent timekeeping and attendance was speculative, lacking basis in fact, and therefore not a violation of the WPA. *Id.* Thus, the Board held that Yeh's disclosures were not protected under 5 U.S.C. § 2302(b)(8). *Id.* at 6.

On July 16, 2012, the Board denied Yeh's petition for review. *See* RA 1-5 ("Final Order"). Although the Board found the administrative judge failed to notify Yeh of her burden to show that her disclosures were a contributing factor in her dismissal in order to establish jurisdiction, it found the error harmless because Yeh did not satisfy the other jurisdictional requirements and, moreover, she received notice of all the jurisdictional requirements from the agency's motion to dismiss. *See* Final Order at 2-3, n.2. The Board ultimately affirmed the administrative judge's decision, finding that Yeh failed to make a non-frivolous allegation that her disclosures were protected. *See* Final Order at 3.

Yeh timely filed her appeal of the final decision to this court.

STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).[2] Our standard of review in an appeal from the Board is limited by statute. *See* 5 U.S.C. § 7703(c) (2006); *Carr v. Soc. Sec. Admin.,* 185 F.3d 1318, 1321 (Fed. Cir. 1999); *O'Neill v. Office of Pers. Mgmt.,* 76 F.3d 363, 364-65 (Fed. Cir. 1996). We may reverse a decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. *See Herman v. Dep't of Justice,* 193 F.3d 1375, 1378 (Fed. Cir. 1999). Because the Board dismissed Yeh's appeal without affording her a jurisdictional hearing, we review the record de novo to determine whether Yeh raised a non-frivolous allegation

---

[2] Our review is limited to the final order of the Board. *See* 28 U.S.C. § 1295(a)(9). Since the Board lacks general jurisdiction to entertain all statutory challenges to an employment practice, instead being strictly confined to matters over which it retains jurisdiction by statute, rule, or regulation, we can review only the issues raised in Yeh's appeal over which the Board could exercise jurisdiction. *See* 5 U.S.C. § 7701(a); 5 C.F.R. § 1201.3; *Meeker v. Merit Systems Protection Bd.*, 319 F.3d 1368, 1374 (Fed. Cir. 2003). Therefore, although Yeh alleges in her opening and reply briefs that DISA violated laws pertaining to "cyberstalking, . . . whistleblowers, . . . deformation, [sic] . . . false statement, . . . discrimination/retaliation, . . . employment, [and] wrongful termination," we may only consider her IRA claim under the WPA.

to establish jurisdiction. *See Coradeschi v. Dep't of Homeland Sec.*, 439 F.3d 1329, 1332 (Fed. Cir. 2006).

DISCUSSION

For Yeh to establish that the Board has jurisdiction over her IRA appeal, she must exhaust her administrative remedies before the OSC (a fact the parties do not dispute) and make non-frivolous allegations that: (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8) and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).[3] *See Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Before the Board, an appellant bears the burden of establishing Board jurisdiction. *See* 5 C.F.R. § 1201.56(a)(2)(i); *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008) (citing *McCormick v. Dep't of the Air Force*, 307 F.3d 1339, 1340 (Fed. Cir. 2002)), overruled on other grounds by *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc)).

---

[3]    While the administrative judge failed to give Yeh notice of the contributing factor requirement for establishing jurisdiction, *see* Initial Decision at 2-3, as Respondent notes, the jurisdictional elements were correctly disclosed to Yeh in the administrative judge's acknowledgement order, issued prior to her initial decision, *see* RA 64-66, and the agency's motion to dismiss, *see* RA 79-80. Even though Yeh appeared pro se, we conclude that the administrative judge's failure to provide notice was harmless error. *See Yost v. Dep't of Health & Human Servs.*, 4 Fed. App'x 900, 904 (Fed. Cir. 2001) (holding that an administrative judge's failure to give notice to pro se petitioner of jurisdictional requirements in an acknowledgment order was cured by proper notice given in the agency's motion to dismiss and, therefore, was harmless error).

The WPA prohibits personnel decisions taken in response to a disclosure of information by an employee which the employee reasonably believes evidences a violation of any law, rule, or regulation, or gross mismanagement, gross waste of funds, or abuse of authority, or a substantial and specific danger to public health or safety. *See* 5 U.S.C. § 2302(b)(8). A reasonable belief is one that a disinterested observer with the employee's knowledge of essential facts could reasonably conclude was evidence of a violation of a law, rule, or regulation. *See Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

From the record, we can ascertain two intelligible allegations of protected whistleblower disclosures. Even though pro se pleadings are liberally construed, *see Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005), we find that neither amounts to a non-frivolous allegation of a WPA-protected disclosure.

Yeh's first alleged purported disclosure was of her coworkers' misuse of the agency's instant messaging system. *See* RA 36-37, 70. Despite attaching a two-page copy of an instant messaging transcript (which does not identify any individual participant by name) to her OSC complaint, *see* RA 47-49, the record contains no articulation of how a disinterested observer with Yeh's knowledge could conclude this instant messaging exchange was a violation of law, rule, or regulation, or a gross mismanagement, gross waste of funds, abuse of authority, or creates a substantial and specific danger to public health or safety. *See* § 2302(b)(8); *Lechance*, 174 F.3d at 1381.

Gross mismanagement is a management action or inaction which creates a substantial risk of significant adverse impact to an agency's ability to accomplish its mission. *See Kavanagh v. Merit Systems Protection Bd.*, 176 F. App'x 133, 135 (Fed. Cir. 2006) (citing *White v. Dep't of the Air Force*, 63 M.S.P.R. 90, 95 (1994)). Without more information regarding the pervasiveness of the purported chat-room misconduct, any significant adverse impact on the agency's mission cannot be assessed.

An abuse of authority is comprised of an arbitrary and capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to the official or preferred other persons. *See Doyle v. Dep't of Veterans Affairs*, 273 F. App'x 961, 964 (Fed. Cir. 2008) (citing *Embree v. Dep't of the Treasury*, 70 M.S.P.R. 79, 85 (1996)).    Even if the communications channels were misused, it is unclear how this would amount to an arbitrary and capricious exercise of power adversely affecting the rights of another.

A gross waste of funds requires a more than debatable expenditure that is significantly out of proportion to the benefit reasonably expected to accrue to the government. *See Chambers v. Dep't of Interior*, 515 F.3d 1362, 1366 (Fed. Cir. 2008) (citing *Van Ee v. Envt'l Prot. Agency*, 64 M.S.P.R. 693, 698 (1994)).    Yeh has provided no factual information regarding the expenditures incurred from purported misuse of the instant messaging system, and the degree of misuse is much in doubt.    Any resulting waste of funds from the purported misuse cannot be assessed, and it is doubtful that such waste is significantly out of proportion with the benefits obtained by the system.

A substantial and specific danger to public health or safety requires allegations of a likelihood of the harm, when the alleged harm may occur, and the nature of the harm.    *See Chambers*, 515 F.3d at 1369.    Even had Yeh made the requisite allegations, it is unclear how the misuse of the chat room system at issue here would endanger public health or safety.

Further, in her briefing to this court, Yeh did not develop her instant messaging allegation, let alone address the frivolousness issue.    Despite specific requests for details by the administrative judge, *see* RA 67-68, Yeh presented only allegations that were conclusory.    We therefore agree with the Board that it lacks jurisdiction— no disinterested observer could reasonably conclude that

Yeh disclosed evidence of a violation of a law, rule, or regulation.

Yeh's second alleged disclosure revealed her coworkers' purportedly improper timekeeping and attendance. Specifically, she claims that a co-worker attended a four-day conference and did not return to work on the fifth day, thus defrauding the government of eight hours of work at $50 per hour, or $400. *See* RA 36-37. But Yeh made no allegation refuting the possibility that the employee was granted paid leave. As pled, Yeh's disclosure constitutes unsubstantiated speculation, which cannot make out a non-frivolous allegation. *See Kahn*, 528 F.3d at 1341 (quoting *Dorrall v. Dep't of the Army*, 301 F.3d 1375, 1380 (Fed. Cir. 2002)). Her allegations that other employees abused their leave privileges and came to work late are just as speculative. *See* RA 28, 36-37. Given the lack of factual basis adduced by Yeh for these claims, we fail to see how a disinterested observer with her knowledge could conclude such activities were violations of any law, rule or regulation, or gross mismanagement, gross waste of funds, abuse of authority, or a substantial and specific danger to public health or safety under the standards cited herein. *See Kavanagh*, 176 F. App'x at 135; *Doyle*, 273 F. App'x at 964; *Chambers*, 515 F.3d at 1366, 1369. Such an observer could not reasonably conclude that a substantial risk of significant adverse impact to the agency's ability to accomplish its mission resulted, that the rights of any person were adversely affected, that an expenditure was made that was significantly out of proportion to the benefit reasonably expected to accrue, or that there was a likelihood of harm to public safety of health. We therefore again agree with the Board that jurisdiction was not conferred by this allegation.

Since we conclude that none of Yeh's disclosures were protected by the WPA, we need not answer the latter question—whether she adequately asserts that her disclosures were a contributing factor in her termination. *Yunus*, 242 F.3d at 1371.

Finally, Yeh makes vague claims that she was denied discovery in the Board proceedings in violation of 5 C.F.R. § 1201. Appellant's Opening Br. at 1. Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the Board and its officials, and the court will not overturn the Board on a discovery matter unless an abuse of discretion is clear and harmful. *See* 5 C.F.R. § 1201.41(b)(4) (1988); *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378-79 (Fed. Cir. 1988) (citing *Spezzaferro v. Fed. Aviation Admin.*, 807 F.2d 169, 173 (Fed. Cir. 1986)). Petitioner must show substantial harm which could have affected the outcome of the case. *See Curtin*, 846 F.2d at 1379. Appellant's briefing fails to indicate how discovery would have aided her in establishing jurisdiction before the Board. Therefore, Yeh makes no showing of substantial harm and we cannot overturn the Board's procedural decision on these grounds.

## CONCLUSION

For the foregoing reasons, the decision of the Board dismissing Yeh's appeal for lack of jurisdiction is *affirmed*.

## AFFIRMED