NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAMIAN C.A. PHILLIP,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1002

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-15-0642-W-1.

---

Decided: March 11, 2016

---

DAMIAN C.A. PHILLIP, Newport News, VA, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before REYNA, WALLACH, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Damian C.A. Phillip appeals from the final order of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. Because the Board did not err in finding that it lacked jurisdiction, we affirm.

I

The Department of Veterans Affairs appointed Mr. Phillip to the position of Education Specialist effective December 15, 2013. The appointment was career-conditional requiring Mr. Phillip to satisfactorily complete a one-year probationary period. Mr. Phillip was terminated during this probationary period for "poor performance, poor customer service, and failure to complete assigned tasks." R.A. 17.

After Mr. Phillip exhausted his administrative remedies before the Office of Special Counsel (OSC), he appealed to the Board. The administrative judge found that the Board lacked jurisdiction over Mr. Phillip's removal because he was terminated during his probationary period and he failed to make a nonfrivolous allegation of discrimination based on partisan political activity or marital status. *See* 5 C.F.R. §§ 315.805, 315.806(b). Further, the administrative judge found that the Board lacked jurisdiction over Mr. Phillip's individual right of action appeal (IRA) because he failed to articulate a nonfrivolous allegation that he engaged in whistleblowing activity by making protected disclosures or that his disclosures were contributing factors in the agency decision to remove him. Therefore, the administrative judge dismissed the appeal for lack of jurisdiction. This decision became the final decision of the Board on July 31, 2015.

Mr. Phillip appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

II

We may only hold unlawful and set aside any agency action, findings, or conclusions found to be "(1) arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). We are bound by the Board's factual findings on which a jurisdictional determination is based unless those findings are not supported by substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

The Board does not have jurisdiction to hear an appeal from a termination that occurred during a probationary period unless the employee alleges the termination was based on partisan political reasons or marital status. *See Pervez v. Dep't of Navy*, 193 F.3d 1371, 1375 (Fed. Cir. 1999). Here, substantial evidence supports the Board's findings that Mr. Phillip was terminated during his one-year probationary period and that he failed to allege that his termination was based on partisan political reasons or marital status. Therefore, the Board did not err in dismissing Mr. Phillip's appeal from his removal for lack of jurisdiction.

Additionally, the Board does not have jurisdiction over an IRA appeal under 5 U.S.C. § 1221 unless the petitioner has exhausted his administrative remedies before OSC and makes a non-frivolous allegation of an adverse personnel action based on a protected disclosure. *Kahn v. Dep't of Justice*, 618 F.3d 1306, 1311 (Fed. Cir. 2010). A protected disclosure is "any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences . . . a violation of any law, rule, or regulation or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8). "Gross mismanagement is a man-

agement action or inaction which creates a substantial risk of significant adverse impact to an agency's ability to accomplish its mission." *Wen Chiann Yeh v. Merit Sys. Prot. Bd.*, 527 Fed.Appx. 896, 900 (Fed. Cir. 2013). "An abuse of authority is comprised of an arbitrary and capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to the official or preferred other persons." *Id.*

Here, Mr. Phillip alleges that he was wrongfully terminated based on events fabricated by his supervisor because they had "philosophical differences." R.A. 21. Mr. Phillip also alleges that "possible unscrupulous practices" were occurring in the office. *Id.* at 21–22. Specifically, Mr. Phillip alleged that an individual counseled him although the individual was not listed on VA Form 0750 as his Rater, and also that "the Administrative Officer (AO), was sharing information discussed with or sent to her by me with my two colleagues." *Id.* at 21.

The administrative judge determined that Mr. Phillip satisfied the exhaustion requirement but failed to make non-frivolous allegations that he made a protected disclosure under 5 U.S.C. § 2302(b)(8). We agree. Mr. Phillip's vague allegations do not amount to a nonfrivolous allegation of an adverse personnel action based on a protected disclosure because the allegations do not contain information which he reasonably believed evidenced a violation of law, rule or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *See* 5 U.S.C. § 2302(b)(8); *Johnston v. Merit. Sys. Prot. Bd.*, 518 F.3d 905, 910 (Fed. Cir. 2008) ("vague, conclusory or facially insufficient allegations" do not provide the Board with jurisdiction). Therefore, the Board did not err in dismissing Mr. Phillip's IRA appeal for lack of jurisdiction.

Because the Board properly dismissed Mr. Phillip's appeal for lack of jurisdiction, we affirm.

**AFFIRMED**

No costs.