NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**R.G.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF HOMELAND SECURITY,**
*Intervenor*

---

2016-1079

---

Petition for review of the Merit Systems Protection Board in No. SF-1221-15-0486-W-1.

---

Decided: August 9, 2016

---

R.G., pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

REBECCA SARAH KRUSER, Commercial Litigation Branch, Civil Division, United States Department of

Justice, Washington, DC, for intervenor. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before NEWMAN, O'MALLEY, and CHEN, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Petitioner R.G. seeks appellate review of the Merit Systems Protection Board (MSPB) decision dismissing his individual right of action (IRA) whistleblower appeal for absence of jurisdiction.[1] The MSPB held that the events recited did not constitute whistleblowing; we affirm the dismissal.

## BACKGROUND

R.G. holds an excepted service position as a Federal Air Marshal with the Department of Homeland Security. At the beginning of his 2014 performance rating period, again at the mid-year performance review, and again in the third quarter, R.G. asked his immediate supervisor what he must do to receive a rating of "Achieved Excellence" for all performance criteria. R.G.'s supervisor responded "I don't know" on all three occasions. R.G. reported these answers to his supervisor's supervisor, by letters of October 28, 2014 and December 2, 2014. R.G. states that his final 2014 performance rating was artificially low because his immediate supervisor retaliated against him because of these reports.

R.G. filed a complaint with the Office of Special Counsel (OSC) alleging reprisal for whistleblowing and/or protected activity. The OSC determined to close its file on

---

[1] R.G. v. Dep't of Homeland Sec., No. SF-1221-15-0486-W-1 (M.S.P.B. Sept. 28, 2015) ("MSPB Final Order").

March 25, 2015, stating that "[b]ased on our evaluation of the relevant law and facts included in the information you submitted, we have made a final determination to close our file in this matter." Letter from Julie Martin-Korb, Attorney, Complaints Examining Unit of the U.S. Office of Special Counsel, to R.G. (March 25, 2015) ("OSC Final Determination Letter"). In accordance with the statute, the OSC informed R.G. of his right to pursue an IRA appeal with the MSPB. Letter from Julie Martin-Korb, Attorney, Complaints Examining Unit of the U.S. Office of Special Counsel, to R.G. accompanying OSC Final Determination Letter (March 25, 2015). R.G. filed an IRA appeal with the MSPB on July 6, 2015.

The MSPB administrative judge received testimony and argument from R.G. and from the agency, and held that R.G.'s complaints to his supervisor's supervisor were not protected disclosures or protected activity, and that R.G. did not have a cause of action for whistleblowing. The MSPB dismissed the complaint for lack of jurisdiction. MSPB Final Order at 11. R.G. appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Jurisdiction is a question of law, which we review *de novo*. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). The MPSB's jurisdiction includes "[a]ppeals involving an allegation that the action was based on appellant's whistleblowing or other protected activity." 5 C.F.R. § 1201.3(b)(2); *see* 5 U.S.C. § 7701(a)(1) (right to appeal from "any action which is appealable under any law, rule, or regulation"); 5 U.S.C. § 1221(a) (individual right of action for "any personnel action taken" because of whistleblowing or other protected activity).

The employee must make a non-frivolous allegation that "(1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's

decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). This court has elaborated:

> Specifically, the petitioner must establish by a preponderance of the evidence the following four elements: (1) the acting official has the authority to take, recommend, or approve any personnel action; (2) the aggrieved employee made a disclosure protected under 5 U.S.C. § 2302(b)(8)(A); (3) the acting official used his authority to take, or refuse to take, a personnel action against the aggrieved employee; and (4) the protected disclosure was a contributing factor in the agency's personnel action.

*Kahn v. Dep't of Justice*, 618 F.3d 1306, 1312 (Fed. Cir. 2010).

The whistleblower statute provides that a supervisor may not take any personnel action with respect to an employee because of:

> **(A)** any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences--
>> **(i)** any violation of any law, rule, or regulation, or . . .
>> **(ii)** gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety,
> if such disclosure is not specifically prohibited by law and if such information is not specifically required by Executive order to be kept secret in the interest of national defense or the conduct of foreign affairs. . .

5 U.S.C. § 2302(b)(8)(A). The inquiry is whether R.G. had a reasonable belief that his report to his supervisor's supervisor met the definition in § 2302(b)(8)(A). The inquiry is objective: "could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the actions of the government evidence" a violation of law, rule, or regulation; gross mismanagement, or abuse of authority. *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999). "A purely subjective perspective of an employee is not sufficient even if shared by other employees." *Id.*

R.G.'s asserted protected disclosure is his report of his supervisor's responses to his questions about how to achieve a rating of "Achieved Excellence." R.G. stated that his report revealed a violation of TSA Management Directive 1100.43-3, or alternatively, revealed gross mismanagement or an abuse of authority. The Department of Homeland Security responded that there was not a reasonable belief that the report revealed a violation of law, rule, or regulation, or gross mismanagement or an abuse of authority. Thus the Department states that R.G.'s report to his supervisor's supervisor was not an act of whistleblowing.

The MSPB reviewed the statutory criteria as follows for whistleblowing acts: Gross mismanagement is "a management action or inaction which creates a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission." *Kavanagh v. M.S.P.B.*, 176 F. App'x 133, 135 (Fed. Cir. 2006) (quoting *White v. Dep't of Air Force*, 63 M.S.P.R. 90, 95 (1994)).

R.G. states that his supervisor's inability to improve his subordinate's performance was gross mismanagement. The Department of Homeland Security states that it provides written performance standards in every "core competency" area and "performance goal," and that written guidelines state the effect on the rating due to per-

forming above or below the performance standard.  The MSPB held that the supervisor's inability or reluctance to tell R.G. how to improve his performance is not the gross mismanagement to which the whistleblower statute is directed.  Error has not been shown in this ruling.

R.G. also states that his reports revealed a violation of TSA Management Directive No. 1100.43-3, which states, in relevant part, that: "Rating officials are responsible for . . . (4) Observing, coaching, and providing feedback to employees."  R.G. states that his supervisor's failure to provide feedback constitutes a violation of "law, rule, or regulation," and thus that his report of this failure is protected by the Whistleblower Protection Act.

On this appeal, the agency has agreed for the sake of argument that Directive No. 1100.43-3 is a "rule" under section 2302(b)(8)(A).  The MSPB held, and we agree, that this management flaw did not constitute a "violation of the agency's management directive" as contemplated by the Whistleblower Protection Act, "especially when accounting for the written standards provided in the performance plan of which the appellant was aware."  MSPB Final Order at 3.

R.G. also states that his supervisor's inadequate response constitute an abuse of authority.  "An abuse of authority requires an 'arbitrary or capricious exercise of power by a federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons.'"  *Elkassir v. Gen. Servs. Admin.*, 257 F. App'x 326, 329 (Fed. Cir. 2007) (quoting *D'Elia v. Dep't of Treasury*, 60 M.S.P.R. 226, 232 (1993), *overruled on other grounds by Thomas v. Dep't of the Treasury*, 77 M.S.P.R. 224 (1998)).  R.G. argued that his rights were affected in that he lost awards and/or in-position increases because of his supervisor's failure to advise how his performance might achieve the excellence level.

The MSPB held that the supervisor's answer to R.G.'s question was not an "arbitrary or capricious exercise of power," and that no loss of rights or other retaliation had been established. The MSPB explained that R.G. had not established a right to receive an answer to his question, or that his supervisor's inadequate response resulted in personal gain or advantage to herself or to others." MSPB Final Order at 4. The MSPB apparently did not view the incidents as whistleblowing with adverse consequences. Precedent supports this view. *Frederick v. Dep't of Justice*, 73 F.3d 349, 353 (Fed. Cir. 1996), *supplemented*, 1996 WL 293120 (Fed. Cir. May 22, 1996) ("The WPA was enacted to protect employees who report genuine infractions of law, not to encourage employees to report arguably minor and inadvertent miscues occurring in the conscientious carrying out of one's assigned duties.").

Although there were differences of opinion presented to the MSPB, the MSPB held a hearing and observed the witnesses. On the record before us, we do not discern reversible error in the MSPB's ruling of no violation of the Whistleblower Protection Act.

**AFFIRMED**

No costs.