NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**R. SCOTT STEVENS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2567

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-15-0481-W-1.

---

Decided: February 7, 2017

---

R. SCOTT STEVENS, Douglasville, GA, pro se.

JEFFREY GAUGER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

---

Before DYK, CLEVENGER, and HUGHES, *Circuit Judges.*

PER CURIAM.

R. Scott Stevens seeks review of the final decision of the Merit Systems Protection Board (the "Board") dismissing his Individual Right of Action ("IRA") appeal for lack of jurisdiction. The Board found Mr. Stevens's allegations too vague and conclusory to bring his complaint within the protection of the Whistleblower Protection Enhancement Act ("WPEA"), 5 U.S.C. § 2302(b)(8). Because Mr. Stevens has not overcome the jurisdictional burden of showing that he made protected disclosures within the meaning of the WPEA, this court *affirms*.

I

The facts of this case are set forth with great specificity in the administrative judge's ("AJ") opinion. Set forth below are only those facts necessary to resolve the issues presented on appeal. Mr. Stevens is a Supervisory Computer Specialist within the Department of Transportation's Office of Information and Technology ("AIT"), Federal Aviation Administration ("FAA"), in Atlanta, Georgia. The agency underwent reorganization between 2011 and 2013. In approximately July 2013, the agency assessed its information technology employees and then notified them of their new assignments within AIT. As a result of the reassignments, Mr. Stevens became Manager, Infrastructure Applications, in the Infrastructure and Operations Service Division.

On approximately November 21, 2013, he filed a complaint with the Office of Special Counsel ("OSC"), alleging that AIT employees were improperly assigned to new positions using noncompetitive processes during the reorganization. On November 22, 2013, Mr. Stevens complained to his fifth-level supervisor about the reassignments and informed him that he was in the process of making disclosures regarding the reassignments. In late November 2013, he filed a complaint with the agency Administrator's Hotline. He also filed related Inspector

General complaints in November 2013 and February 2014.

In June 2014, Mr. Stevens applied for the position of Deputy Director, Enterprise Program Management Service. He was not selected for the position, and alleged in his OSC complaint that he was significantly more qualified than the person who was ultimately selected.

On September 5, 2014, Mr. Stevens filed a complaint with OSC, alleging that he suffered adverse personnel actions, including non-selection for various promotion positions, because of his previous complaints. Specifically, he complained that four senior agency executives placed approximately 700 information technology employees in positions without completing the necessary and proper job documentation and without open and fair competition during the reorganization. On April 7, 2015, OSC informed Mr. Stevens that it had investigated his complaint and terminated its inquiry into his allegations. Mr. Stevens then filed an IRA with the Board's regional office.

In his initial decision, the AJ found that Mr. Stevens's jurisdictional response failed to specify the type of protected disclosure that he allegedly made and held that "vague and conclusory allegations like those provided by the appellant here are not sufficient to bring the matter within the protection of the [WPEA]." *Stevens v. Dep't of Transp.*, No. AT-1221-15-0481-W-1, Initial Decision at 9 (M.S.P.B. July 13, 2015). Accordingly, the AJ dismissed Mr. Stevens's appeal for lack of jurisdiction.

Mr. Stevens then filed a petition for review of the AJ's initial decision with the Board. The Board agreed with the AJ that Mr. Stevens merely alleged generally that the agency's noncompetitive reassignment of personnel during the reorganization violated merit systems principles. *Stevens v. Dep't of Transp.*, No. AT-1221-15-0481-W-1, Final Order at 6 (M.S.P.B. July 1, 2016). Considering Mr.

Stevens's status as "a supervisory employee with managerial aspirations" and a person with "32 years of supervisory and technical leadership experience, 24 years in the U.S. Navy, and [certification] as a project management professional[,]" the Board found that he had "at least some familiarity with agency reorganization and sources of authority for the reassignment of employees in some circumstances." *Id.* at 7. Thus, the Board concluded that he could not have had a reasonable belief to speculate that a noncompetitive reassignment is, by its very nature, suspect. *Id.* (citing *Phillip v. M.S.P.B.*, No. 2016-1002, 2016 WL 929856, at *2 (Fed. Cir. Mar. 11, 2016) (holding that a claim that "possible unscrupulous practices" were occurring at the workplace did not constitute a nonfrivolous allegation of a protected disclosure)). The Board found that, at most, Mr. Stevens's disclosures constituted a general disagreement with the agency regarding the reorganization, which does not otherwise constitute a protected disclosure under the WPEA. *Id.* at 8. Thus, the Board affirmed the AJ's initial decision. Mr. Stevens timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

This court will affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without required procedure; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Ellison v. M.S.P.B.*, 7 F.3d 1031, 1034 (Fed. Cir. 1993). The Board's dismissal of an appeal for lack of jurisdiction presents an issue of law that we review without deference. *Delalat v. Dep't of the Air Force*, 557 F.3d 1342, 1343 (Fed. Cir. 2009).

To maintain an IRA under the WPEA, a petitioner must establish Board jurisdiction by demonstrating by a preponderance of the evidence that: "1) she engaged in a whistleblowing activity by making a disclosure protected

under 5 U.S.C. § 2302(b)(8); 2) based on the protected disclosure, the agency took or failed to take, or threatened to take or fail to take, a 'personnel action' as defined in 5 U.S.C. § 2302(a); and 3) her administrative remedies, including those available through the OSC, have been exhausted." *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1452 (Fed. Cir. 1998) (citations omitted).

Protected whistleblowing occurs when an appellant makes a disclosure that he reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. 5 U.S.C. § 2302(b)(8)(A); *see also Chambers v. Dep't of the Interior*, 515 F.3d 1362, 1367 (Fed. Cir. 2008). The test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidence one of the categories of wrongdoing listed in § 2302(b)(8)(A). *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

We address the issue of whether Mr. Stevens made a non-frivolous allegation that his statements were the kind of disclosures protected under the WPEA. Mr. Stevens contends that he made allegations of gross mismanagement, a gross waste of funds, and an abuse of authority. The Board has defined "gross mismanagement" as "a management action or inaction that creates a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission." *Embree v. Dep't of the Treasury*, 70 M.S.P.R. 79, 85 (1996). For gross mismanagement, the employee must disclose "such serious errors by the agency that a conclusion the agency erred is not debatable among reasonable people," and the matter that is the subject of the disclosure must be "significant." *White v. Dep't of the Air Force*, 391 F.3d 1377, 1382 (Fed.

Cir. 2004). Additionally, a "gross waste of funds" is defined as a "more than debatable expenditure that is significantly out of proportion to the benefit reasonably expected to accrue to the government." *Van Ee v. E.P.A.*, 64 M.S.P.R. 693, 698 (1994) (quoting *Nafus v. Dep't of the Army*, 57 M.S.P.R. 386, 393 (1993)). Further, the Board has defined an abuse of authority as an "arbitrary or capricious exercise of power by a federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons." *Ramos v. Dep't of the Treasury*, 72 M.S.P.R. 235, 241 (1996) (citation omitted).

The record shows that the agency conducted an investigation into Mr. Stevens's allegations and terminated its inquiry after finding no policy violation and that the agency had authority to reassign employees noncompetitively. We agree with the Board's characterization of Mr. Stevens's position as, at most, a disagreement with the agency's actions, which does not otherwise constitute a protected disclosure under the WPEA. On the record before us, we cannot say that the Board erred in finding that Mr. Stevens failed to allege specific facts that show that the agency's reassignment process constituted a violation of law or agency regulations or created a substantial risk of significant adverse impact on the agency's ability to accomplish its mission, that the agency misappropriated funds, or that the agency's course of action in dealing with Mr. Stevens was anything less than a reasonable exercise of discretion in the agency's handling of personnel matters. Mr. Stevens himself agrees that "my pleadings may appear vague on the surface." Informal Br. of Pet'r 11–12. Accordingly, we find that the Board did not err in concluding that Mr. Stevens's multiple complaints were not protected disclosures under the WPEA because he did not sufficiently allege gross mismanagement, a gross waste of funds, or abuse of authority. Nor does the record indicate that Mr. Stevens's

complaints specifically alleged facts consistent with any other category of § 2302(b)(8).

CONCLUSION

Because we agree with the Board that Mr. Stevens failed to make a non-frivolous allegation that he made a protected disclosure, this court affirms the Board's dismissal of Mr. Stevens's IRA appeal for lack of jurisdiction.

**AFFIRMED**

COSTS

No Costs.