NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3199

VARNZIEL WINFIELD,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Varnziel Winfield, of Riverdale, Illinois, pro se.

Ellen M. Lynch, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3199

VARNZIEL WINFIELD,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board
in CH1221080547-W-2

———————————————

DECIDED:  October 13, 2009

———————————————

Before BRYSON, CLEVENGER and DYK, Circuit Judges.

PER CURIAM.

Varnziel Winfield appeals the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction.  Winfield v. Dep't of Veterans Affairs, No. CH31221080547-W-2 (March 17, 2009).  We affirm.

I

Mr. Winfield was a probationary employee with the Department of Veterans Affairs ("Agency"), where he was a Readjustment Counseling Social Worker at the Agency's Veterans Center in Chicago Heights, IL.  The Agency terminated Mr. Winfield on April 6, 2007.  The Agency's stated reasons included Mr. Winfield's eviction from a

rental property, his unfavorable reference from a previous employer, and his inability to perform the duties of an outplacement counselor. On July 31, 2007, Mr. Winfield filed a Form OSC-11 complaint with the Office of Special Counsel ("OSC"), alleging that his termination was a retaliation for protected disclosures. Specifically, Mr. Winfield's complaint alleged that he was terminated because he disclosed his grievances concerning his team leader Lemuel Slaughter, first to Lemuel Slaughter himself, then to Regional Manager Clarence Slaughter. Mr. Winfield also alleged that he disclosed Lemuel Slaughter's misconduct to Dean Laposwitz of the Agency's Human Resources office at the Hines VA Medical Center in Illinois, and to Lorrie Pettis, who Mr. Winfield identified only as a consultant. In response to a form question asking what agency action occurred as a result of his disclosure to Pettis, Mr. Winfield answered that he was "advised to discuss with supervisor." As for his disclosure to Dean Laposwitz, Mr. Winfield listed the Agency's response as "unknown."

The OSC concluded that Mr. Winfield's complaints were unsubstantiated and closed its investigation. Mr. Winfield then appealed his termination to the Board. In addition to contesting the Agency's asserted reasons for his termination, Mr. Winfield also filed an Individual Right of Action ("IRA") appeal to the Board, based on his alleged protected disclosures. The administrative judge ("AJ") dismissed the complaint for lack of jurisdiction because she found that the Board had no general authority to review Mr. Winfield's probationary termination, and because Mr. Winfield had failed to allege any protected disclosures that elicited a prohibited retaliatory personnel action. After the full Board affirmed the AJ's decision, Mr. Winfield appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

The Board's jurisdiction is an issue of law, which we review de novo. <u>Forest v. Merit Sys. Prot. Bd.</u>, 47 F.3d 409, 410 (Fed. Cir. 1995). We are bound by the Board's factual findings unpinning the jurisdictional determination "unless those findings are not supported by substantial evidence." <u>Bolton v. Merit Sys. Prot. Bd.</u>, 154 F.3d 1313, 1316 (Fed. Cir. 1998). Appellants bear the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2).

III

We agree with the Board's conclusion that it lacked jurisdiction to review Mr. Winfield's termination. The Board's jurisdiction to review a probationary employee's termination is limited to issues of partisan political motivations, marital status, or improper procedure. 5 C.F.R. § 315.806. Before the Board, Mr. Winfield did not claim that his termination was procedurally flawed, that he was terminated for partisan political reasons, or that he was terminated because of his marital status. The Board was therefore correct that it had no jurisdiction over Mr. Winfield's probationary termination.

We also agree with the Board that it had no jurisdiction over Mr. Winfield's IRA appeal for alleged whistleblowing. The Board's jurisdictional inquiry is limited to the alleged disclosures and the characterization of the disclosures that the appellant brought before the OSC. <u>See</u> <u>Ward v. Merit Sys. Prot. Bd.</u>, 981 F.2d 521, 526 (Fed. Cir. 1992). To establish the Board's jurisdiction, an appellant must make "non-frivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C.

§ 2302(a)." <u>Yunus v. Dep't of Veterans Affairs</u>, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (internal quotation marks omitted). None of Mr. Winfield's alleged disclosures meet both requirements.

Mr. Winfield's disclosure to Regional Manager Clarence Slaughter simply outlined his general misgivings about his working conditions, training, office equipment, work hours, professional development, and lack of supervisory support. To qualify for whistleblower protection, however, an appellant must have a reasonable belief that his disclosure "evidences a violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." <u>Langer v. Dep't of the Treasury</u>, 265 F.3d 1259, 1266 (Fed. Cir. 2001) (citing 5 U.S.C. § 2302 (b)(8)). Whistleblower protection does not extend to an employee's personal grievances about his job.

As for Mr. Winfield's alleged disclosures to team leader Lemuel Slaughter, Mr. Winfield's only additional disclosure was his accusation to Lemuel Slaughter that he—Lemuel Slaughter—had been meeting with one of Mr. Winfield's former employers and had been "defaming [Mr. Winfield's] character." We have explained that "[w]hen an employee reports or states that there has been misconduct by a wrongdoer to the wrongdoer, the employee is not making a 'disclosure' of misconduct." <u>Huffman v. Office of Pers. Mgmt.</u>, 263 F.3d at 1350 (Fed. Cir. 2001). Therefore, Mr. Winfield's alleged disclosures to Lemuel Slaughter (the alleged wrongdoer) are insufficient to establish Board jurisdiction.

Nor do Mr. Winfield's alleged disclosures to Dean Laposwitz and Lorrie Pettis qualify as protected whistleblowing over which the Board has jurisdiction. In his OSC

complaint, the only Agency response that Mr. Winfield listed as result of these disclosures was that he was "advised to discuss with supervisor." This is not a qualifying personnel action under 5 U.S.C. § 2302(a)(2)(A).[1]

IV

For the foregoing reasons, we affirm the Board's dismissal.

COSTS

No costs.

---

[1] Title 5, section 2302(a)(2)(A) defines a "personnel action" as:

(i) an appointment; (ii) a promotion; (iii) an action under chapter 75 of this title or other disciplinary or corrective action; (iv) a detail, transfer, or reassignment; (v) a reinstatement; (vi) a restoration; (vii) a reemployment; (viii) a performance evaluation under chapter 43 of this title; (ix) a decision concerning pay, benefits, or awards, concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other action described in this subparagraph; (x) a decision to order psychiatric testing or examination; and (xi) any other significant change in duties, responsibilities, or working conditions.

5 U.S.C. § 2302(a)(2)(A).