NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**TODD GESSEL,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2021-1815

_____

Petition for review of the Merit Systems Protection Board in No. SF-1221-21-0023-W-1.

_____

Decided:  January 19, 2022

_____

TODD GESSEL, Santa Paula, CA, pro se.

DEANNA SCHABACKER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

_____

Before TARANTO, CHEN, and CUNNINGHAM, *Circuit Judges*.

TARANTO, *Circuit Judge*.

Todd Gessel was an employee of the Department of the Air Force for a brief time. After Mr. Gessel lost a key to a government building, requiring costly rekeying, the agency fired him for loss of government property. Mr. Gessel challenged his termination before the Merit Systems Protection Board, alleging that he had been wrongfully terminated based on whistleblowing—specifically, Mr. Gessel's notifying his supervisor about behavior of one of Mr. Gessel's non-supervisory coworkers that he found troubling. The Board dismissed the challenge, concluding that Mr. Gessel failed to present a nonfrivolous allegation that he made a disclosure protected by the Whistleblower Protection Act (WPA). Mr. Gessel appeals. We affirm.

I

Beginning in June 2019, the Air Force employed Mr. Gessel as a Recreation Specialist (Youth Activities), subject to a 2-year probationary period. He soon began complaining about a non-supervisory coworker, T.V. Mr. Gessel notified his supervisor of the "[c]ontinued hostile work place and (perceived) harassment by [T.V.]" in a small number of communications between September 2019 and April 2020. Appx. 31–34, 41–42, 49–58.

In a September 2019 message, Mr. Gessel reported to his superiors that T.V. made him "uncomfortable in the shared office space," was "confrontational and attempt[ed] to supervise or discipline" him, and "often watche[d] foolish and juvenile rap videos and other material," which Mr. Gessel found "offensive." Appx. 49, 51. In an October 2019 message, Mr. Gessel reported that he overheard T.V. say "[t]hera aint no Whiteboys upstairs." Appx. 51. According to Mr. Gessel, based on his "past interactions with [T.V.] and the racial component of [Mr. Gessel] being White and the other two employees [apparently including T.V.] Black," he believed that T.V.'s remark was "intended for [him] to hear" and was "mean-spirited and retaliatory." *Id.* Mr. Gessel said that T.V.'s "remarks and behavior hurt

[him] considerably" and made him "afraid to be around" T.V. *Id.* In a late February 2020 incident that the Board accepted as having been reported to his superiors shortly after its occurrence, Mr. Gessel was putting away equipment in an isolated storage area. Appx. 33. Mr. Gessel claimed that T.V. entered the area, blocked the exit, then began walking toward Mr. Gessel. Mr. Gessel reported feeling "frightened and alarmed [T.V.] would attack [him]." *Id.* Mr. Gessel said he "side stepped so [T.V.] could pass," and Mr. Gessel "quickly walked out of the storage area." *Id.*

In March 2020, when the coronavirus pandemic began, Mr. Gessel's workplace was ordered to remain open. Appx. 3. In early April 2020, Mr. Gessel requested leave because of his concerns about the coronavirus. His supervisor requested that Mr. Gessel return a key to the recreation center, but Mr. Gessel never returned it, and he provided changing explanations for where the key might be located. That a key was not accounted for "put government property and sensitive information of staff and families at risk" and necessitated rekeying the building, at a cost of more than $4,000. Appx. 77. By the end of May 2020, Mr. Gessel— still in probationary employment status—was fired for "[l]oss of government property." Appx. 77–79.

Mr. Gessel filed a whistleblower retaliation complaint with the Office of Special Counsel (OSC), pursuant to 5 U.S.C. § 1214(a)(1)(A), seeking corrective action for alleged "prohibited personnel practices" by the Air Force, namely, retaliation for whistleblowing in violation of the WPA, codified as relevant at 5 U.S.C. § 2302(b)(8), (9). The asserted whistleblowing was his disclosing to his supervisors his hostile treatment by T.V. in 2019 and 2020. Appx. 95. OSC closed its investigation without action. *Id.* Mr. Gessel then appealed his removal to the Board in an individual right of action (IRA) appeal under 5 U.S.C. §§ 1214(a)(3), 1221(a). Appx. 88–95.

The administrative judge assigned by the Board informed Mr. Gessel of his burden to establish the Board's jurisdiction: besides showing exhaustion of his OSC remedy (not in dispute here), Mr. Gessel had to make a nonfrivolous allegation that he made protected whistleblowing disclosures or engaged in protected whistleblowing activity that contributed to the Air Force's decision to take a covered personnel action against him. Appx. 80–87. The administrative judge reiterated Mr. Gessel's jurisdictional burden in two additional orders and directed him to respond because it was unclear how his alleged disclosures qualified. Appx. 43–46, Appx. 59–60. Mr. Gessel responded by submitting copies of his emails and letters to his supervisors regarding his conflict with T.V. Appx. 31–34; Appx. 49; Appx. 51; Appx. 52–54.

The administrative judge issued a subsequent order restating Mr. Gessel's burden of proof and again requesting clarification of his allegations of protected disclosures. Appx. 26–29. In response, Mr. Gessel stated that the disclosures on which he rested his claim were his "reporting a continued campaign directed at [his] person with malice by T.V.," and he referred to his medical condition, a "conspiracy and/or cooperation" among his superiors, and "their failure to protect [him] from T.V." Appx. 23. Mr. Gessel alleged that his "termination was a retaliation for continuing to report the situation and my inability to work." Appx. 24.

Based on Mr. Gessel's submissions, the administrative judge dismissed the appeal for lack of jurisdiction. *Gessel v. Dep't of the Air Force,* No. SF-1221-21-0023-W-1, 2021 WL 236515 (M.S.P.B. Jan. 21, 2021) (*Board Op.*). The administrative judge found that, although Mr. Gessel exhausted his claim, he failed to make a nonfrivolous allegation that he made a protected disclosure. *Id.* The administrative judge determined that Mr. Gessel's disclosures to his supervisors did not evince a reasonable belief of the wrongdoing required for coverage by the WPA. *Id.*;

*see* 5 U.S.C. § 2302(b)(8). The administrative judge concluded that Mr. Gessel had not alleged facts that, if proven, would show that he made a protected disclosure and so the nonfrivolous allegation required for Board jurisdiction was missing. *Board Op.* at 10.

The administrative judge's decision became the final decision of the Board on February 25, 2021. *Id.* at 11. This court received Mr. Gessel's notice of appeal within the permitted 60 days. 5 U.S.C. § 7703(b)(1)(B). We have jurisdiction under 28 U.S.C. § 1295(a)(9).

Mr. Gessel stated to this court, in his Federal Circuit Rule 15(c) Statement Concerning Discrimination (Form 11), that he raised a discrimination claim to the Board—answering "yes" to the question whether he had argued to the Board that his removal was "attributable to discrimination on the basis of race, color, religion, sex, age, national origin, or handicapping condition" or was "retaliation for pursuing Equal Employment Opportunity activity"—and that he did not wish to abandon that claim. That assertion does not bar our jurisdiction. We have held that an IRA appeal to the Board cannot involve a discrimination ground and, therefore, an IRA appeal is never a "mixed" case (involving discrimination and nondiscrimination challenges) that is precluded from this court's jurisdiction by 5 U.S.C. § 7702 and *Perry v. Merit System Protection Board*, 137 S. Ct. 1975 (2017). *See Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1327–28 (Fed. Cir. 2020).

## II

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Whether the board had jurisdiction to adjudicate a case is a question of law, which we review de novo."

*Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

The Board has jurisdiction over an IRA appeal under the WPA if the appellant, having exhausted the possibility of OSC administrative remedies, makes to the Board "nonfrivolous allegations" that (1) the appellant engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8) [or § 2302(b)(9)(A)(i), (B), (C), or (D), which are not at issue here] and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a "personnel action" against the appellant. 5 U.S.C. § 1221(a); *see Hessami v. Merit Sys. Prot. Bd.*, 979 F.3d 1362, 1367 (Fed. Cir. 2021); *Cahill v. Merit Sys. Prot. Bd.*, 821 F.3d 1370, 1373 (Fed. Cir. 2016); *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008); *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371–72 (Fed. Cir. 2001). A nonfrivolous allegation "is an assertion that, if proven, could establish the matter at issue" under the WPA requirements; it must be plausible on its face and more than conclusory. 5 C.F.R. § 1201.4(s); *see Hessami*, 979 F.3d at 1367–69; *Yunus*, 242 F.3d at 1371–72. A protected disclosure is one that the employee "reasonably believes evidences (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C § 2302(b)(8). The employee's belief that a disclosure is protected must be objectively reasonable. *See Lachance v. White*, 174 F.3d 1378, 1380–81 (Fed. Cir. 1999).

The crux of Mr. Gessel's allegations is that a non-supervisory coworker was rude, unpleasant, and physically intimidating and that Mr. Gessel was terminated for reporting the conduct. *See* Appx. 30–42; Pet. Br. 2–3. But the conduct reported does not reasonably fall within the categories of protected disclosures enumerated in the WPA: "(i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of

authority, or a substantial and specific danger to public health or safety." 5 U.S.C § 2302(b)(8). In a number of cases, when it is a supervisor who has engaged in certain similar kinds of behavior, we have found a report of such behavior to fall outside the WPA. *See Nelson v. Dep't of Army*, 658 F. App'x 1036, 1038 (Fed. Cir. 2016) (no protected disclosure where employee reported her then-trainer harbored a hostile and disrespectful attitude); *Suggs v. Dep't of Veterans Affairs*, 415 F. App'x 240, 242 (Fed. Cir. 2011) (no protected disclosure where employee reported conflicts with a supervisor); *Winfield v. Dep't of Veterans Affairs*, 348 F. App'x 577, 580 (Fed. Cir. 2009) (no protected disclosure where employee disclosed grievances about supervisor). We have noted that "statements relating to conflict with a superior do not rise to the level of fraud, waste, or illegal activity, the disclosure of which the WPA protects." *Suggs*, 415 F. App'x at 242. Reports that a supervisor and employee had "a strained working relationship" or "did not get along," we have ruled, "do not find protection under the WPA." *Nelson*, 658 F. App'x at 1039. The same must be true of comparable conduct by or relations with a co-worker who has no authority to abuse, as here.

Mr. Gessel has not alleged disclosures of conduct that reasonably, objectively can be believed to go further so as to meet the WPA standards. Mr. Gessel initially alleged in his complaint that T.V. assaulted him, *see* Appx. 93, but Mr. Gessel never disclosed an assault to his supervisors, *see* Appx. 33–34; Appx. 49; Appx. 51; Appx. 52–54, and he did not detail an assault in his subsequent filings to the Board or this court, *see* Appx. 23–25; Pet. Br. 1–3. Mr. Gessel did not report gross mismanagement or a danger to public health or safety. Although he mentioned to his supervisors T.V.'s alleged habit of watching videos on his phone during work hours, he has not provided a basis for finding a gross waste of funds by the agency for that reason.

Finally, although Mr. Gessel, in one of his emails to his superiors, made a reference to a "racial component" of the effect on him of T.V.'s alleged hostile acts, Appx. 32, none of his disclosures report a violation of law governing discrimination. Even if the email is read to report an allegation that T.V. himself was on at least one occasion hostile based on race, he has not suggested a reasonable basis for finding that report to be enough, by itself, to constitute a report of a "violation of . . . law," 5 U.S.C. § 2302(b)(8), given that T.V. was a non-supervisory coworker in his relations with Mr. Gessel. The pre-termination disclosures, besides containing no reports of pervasive race-based harassment, contain no reports of failure of supervisors to respond to what they knew or should have known was race-based harassment. More generally, Mr. Gessel simply has not identified any pre-termination disclosure to his superiors of discrimination that is unlawful under governing legal standards, *e.g.*, the standards of Title VII of the Civil Rights Act of 1964 (especially under § 717, 42 U.S.C. § 2000e-16, applicable to the federal government as employer) addressing when one employee's discriminatory harassment may give rise to a violation of law by the employer. *See, e.g.*, *Faragher v. City of Boca Raton*, 542 U.S. 775 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 647–48 (9th Cir. 2021). At least in these circumstances, the lone discrimination-related reference by Mr. Gessel in one of his messages to his superiors supplies no plausible basis for a WPA violation here.[1]

---

[1]   In addition, we long ago held that a challenge based on formal disclosures of even the employer's discrimination, *see* 5 U.S.C. § 2302(b)(1), falls outside the WPA, 5 U.S.C. § 2308(b)(8), (9), and hence outside authorized IRA appeals, 5 U.S.C. § 1221, but must be pursued through Equal Employment Opportunity processes. *See Spruill v.*

## III

Mr. Gessel suggests that his termination is unreasonable because "there was no key control or chain of custody for secure government property [that he] was fired for allegedly losing." Pet. Br. 2. This suggestion goes to the merits of the agency's specified basis for Mr. Gessel's termination. The Board neither did nor could decide that question where Mr. Gessel did not make a nonfrivolous allegation of a protected disclosure, which was required for Board jurisdiction here.

## IV

For the foregoing reasons, we affirm the decision of the Board.

The parties shall bear their own costs.

**AFFIRMED**

---

*Merit Sys. Prot. Bd.*, 978 F.2d 679, 689–92 (Fed. Cir. 1992). The Board has treated less formal disclosures of discrimination similarly. *See Redschlag v. Dep't of the Army*, 89 M.S.P.R. 589, 634 (M.S.P.B. 2001). This treatment fits the exclusion of discrimination claims from IRA appeals, an exclusion that is the basis for this court's own jurisdiction to review the Board's ruling in this case, as noted above. *See Young*, 961 F.3d at 1327–28.